Opinion of the Court.
THIS is an action on the separate demise of two several lessors. On the trial, the plaintiff below offered in evidence two patents to one of the lessors of the plaintiff. One of them, where the name of the grantee occurs in the first part of the grant, reads thus : “There is granted by the commonwealth, unto John Handley.” In the habendum and tenendum, it reads thus : “ To have and to hold the said tract or parcel of land, with its appurtenances, to the said John Hord.” The other reads precisely as the first, where the name of the lessor first occurs, and in the latter part its expressions are, “ To have and to hold the said tract of land, with its appurtenances, to the said Thomas Handley.” To the reading of these grants, on account of these defects, the defendant below objected ; but the court overruled the objection, and the patents were accordingly read.
A patent ought not to be adjudged invalid on its face, on account of the name in the habendum being entirely different from that in the previous part.
In such case, the error, if there is one, may be corrected, by resorting to the plat and certificate of survey, entry, &c. or if the grantee was known by both names, that fact may be shown in evidence.
The deposition of a defendant in a ejectment taken respecting the same land in a former suit between other parties, may be read in evidence against him.
Whatever privilege witnesses may have, of not deposing where their own interest may be affected, if they do depose to facts which may prejudice them in another controversy, there is no law which can prevent their depositions being used against them, in such controversy. Such depositions are admissible on the same principle that the confessions of a party, may be given in evidence against him.
*220 1. Patents are made out by a ministerial officer, who is as subject as others, to mistakes of the pen. He is the officer of government, and not the agent of the parties’ own choosing ; and it would be rigorous indeed, to subject any party to loss of title, on account of clerical mistakes by that officer. Without deciding which name ought to be taken as the true one, or that the first ought to control and correct the last, we are satisfied that these grants ought not to be adjudged invalid on their faces, because of this variance ; and that other evidence, such as the title presents in its previous stages, might he used as a corrective to the grant ; for it is evident, that one of these names is a mistake, which might thus be corrected ; or that the grantee was called by both names, which it was competent for him to prove, for the purpose of sustaining the grants. There is, therefore, no error in the decision of the court below on this point.
2. The plaintiff below read in evidence a deposition of the defendant, taken in a suit in chancery pending between the two lessors of the plaintiff. The reading of this was objected to, and the deposition admitted.
It is evident, from the deposition, that the defendant testified concerning the same land now in contest, and that he was well acquainted with the position of the land, and that he himself held possession within its boundaries. These facts were very material, to support the issue on the part of the plaintiff; and if the defendant had admitted them on any other occasion, his confessions would have been competent evidence; of course, his admissions, when under the sanction of an oath, and deposing in other controversies, of any facts pertinent to the issue in this might be used against him. The law, in some instances, indulges witnesses in the privilege of not deposing, where their own interest may be affected ; but wherever they do depose to facts which may affect them in another controversy, we are aware of no rule, which precludes their testimony from being used against them in such controversy. The deposition was, therefore, properly admitted.
3. One of the lessors of the plaintiff had died intestate, during the present controversy. The defendant offered one of his sons, to prove a fact supposed to be material in his defence. The counsel for the plaintiff *221 objected to the competency of the witness ; but the court overruled the objection. The witness then claimed the privilege of not being compelled to depose against his interest, as one of the heirs of his father. This privilege was not allowed by the court, and he was compelled to depose. After he had proved the fact, which the defendant below wanted, the counsel for the plaintiff began to interrogate him, to prove pertinent and material facts in his behalf. To this the defendant’s counsel objected, insisting that he was incompetent to prove these facts, and could only be used to depose facts on their side, and against the interest of the witness. The court overruled this objection, and decided, that as the defendant had called him, he was competent throughout. This court is of the same opinion. The party calling a witness, makes him his own, and so far attaches credit to him, as not to be allowed to impeach his credibility. The witness must depose the whole truth, and we know of no rule which divides the knowledge of a witness when sworn in chief, and will authorise him to keep back part, on the objection of the party calling him.
Where a party calls on a witness, interested in the cause, and insists on his being sworn, he cannot object to any part of his testimony as incompetent, notwithstanding it may be directly in support of the witness’ own interest.
The plaintiff offered in evidence two copies of entries, which appear to be the same on which the grants are founded. To the reading thereof the defendant objected, and the court overruled the objection. We are not informed, at what stage of the evidence these entries were offered, or what preceded them, nor the object for which they were used. It is clear, that entries, according to the course of decision in this country, cannot be given in evidence, to prove title in ejectment; but, to say there is no possible case where an entry could not be used to establish or elucidate some collateral or pertinent fact, would be going too far. For instance, they might possibly be used to identify the person to whom the grants issued, by a mistaken name ; or, as other records, to show the existence of objects of description, either natural or artificial, called for in a grant. As the purpose, then, is not shown, for which they were offered in the present case, indulging that presumption which sustains the acts of inferior courts, until error is shown, we are bound to believe that the court below did right in admitting them, and that no error appears in its decisions.
The judgment is, therefore, affirmed with costs.