Opinion op the Coubt.
Cahroc brought his suit by summons and petition in the court below, as assignee of Adam B. Kexnpie, who was assignee of A. C. Ray boimi,who was assignee of Wil-' liam Kise, on a note for $115, executed by Gorham to Rise. Gorham pleaded three pleas. The two first alleged, in substance, that the note was givenfor a loan. *222 of $100 for one year, on the 14th of March 1816, at the rate of $15 for the forbearance of the said $ 100 for that period, being beyond legal interest.•'‘The third alleged that it was corruptly ancl usuriously agreed that interest should be reserved for the loan of ^lGO, for which the note was given, at,the rate of fifteen per cea-turn per annum, and that sum was accordingly taken and paid on the said loan. To the two first pleas replications were filed and issue was joined. The record states that a replication was filed and issue was joined on the third; but no such replication is found in the copy. On tire trial, the defendant below, now appellant, offered William Kise, the obligee of the note, as a witness to prove the truth of his pleas. The witness stated, thathe did not wish to be sworn as a witness in the cause, unless he was bound to do so; because he was the payee, and had assigned the note in the petition mentioned. The court thereupon informed liirp, that he was not, on that ground, bound to give evidence in the matler. The witness accordingly was not heárd. A verdict and judgment having been rendered against the defendant below, he has brought the case to this court, assigning this decision for error.
We are aware of no principle which could justify the excusing of the witness on his own request. He did not even allege that he was interested in sustaining the recovery against the appellant; and the assignment made by him, of the note in question, was without recourse, and showed that he could not be interested, unless he had been guilty of fraud in the sale of the note. But even if he had been responsible, as assignors usually are, we should be far from admitting that he could, oh that ground alone, excuse himself from deposing, whatever might be his competence on an objection made by either of the parties. It is true, that a witness cannot be compelled to answer any question which has a tendency to expose him to penalties, or to any kind of punishment, or to a criminal charge, or to a forfeiture of his estate; and cases are not wanting, in. which witnesses have been excused from deposing to facts which exhibit their own infamy, or from confessing what would directly degrade their character. Also, doubts were once entertained, whether a witness could be compelled-to give evidence which would subject him to a civil suit; and these doubts were removed by act of parlia-. *223 jnent. --These doubts never amounted to much more, and'theíaw was fié ver, settled* tljat a witness could not he compelled 'to - swear what would subject him toa civil suit merely-, the. eydat of which must be somewhat qpcertain anddoubtfip;, and we conceive that it ought ¿lift to’be a* valid obj ection i:n the mouth of a witness. The ^decision of the court below is, therefore, erroneous. '
It is also assigned for error, that there is no replication to the,third plea. The record states it was there; it must, then, have been mislaid, or the court has indulged the trial, which may be sometimes improperly done, under an understanding that the replication might thereafter be drawn out and filed. But, as we ought never to presume that a court would indulge a practice so loose, and fraught with jeopardy to the rights of the parties, the first is the most probable presumption. We shall not notice the question now, further than to remark, that on the return of the cause the defect ought to be supplied, before further proceedings are had.
Thejudgmentmustbe reversed with costs, and the cause remanded, for new proceedings, not inconsistent with this opinion.