## STRAFFORD, FEBRUARY TERM, 1825.

~~~

### JONATHAN COPP *vs.* NATHANIEL UPHAM.

A witness cannot refuse to answer a question relative to the matter in issue on the ground, that the answering of such question may tend to establish, that he owes a debt, or is otherwise subject to a civil action.

*E.* being seized of a tract of land, conveyed it in fee and in mortgage to *C. E.* afterwards conveyed all his interest in the land to *J. E.* who conveyed the same to *U.* In a writ of entry brought by *C.* against *U.* to recover the land, it was held, that declarations of *E.* that a part of the mortgage money remained unpaid, were not competent evidence for *C.*, but that *E.* ought to have been called as a witness.

THIS was a writ of entry, in which the demandant counted upon his own seisin of a tract of land in Rochester, and upon a disseisin by the tenant.

The cause was tried here at February term, 1824, upon the general issue, when it was admitted, that one *Enoch Ela,* being seized of the demanded premises, on the 15th July, 1815, conveyed the same to the demandant, in fee and in mortgage, to secure the payment of six several promissory notes. On the 19th July, 1819, *Enoch Ela* conveyed all his interest in the demanded premises to *Joseph Ela,* who conveyed the same to the tenant.

It was admitted, that all the notes mentioned in the said mortgage had been paid, except one : and the tenant, having introduced evidence to show, that all the notes had been paid, the demandant introduced a witness, who testified, that on the 22d Feb. 1822, *Enoch Ela,* in conversation, admitted that one of the said notes had not been paid. The tenant objected to the admission of this testimony ; but it was admitted ; and a verdict having been returned for the defendant, the tenant moved the court to grant a new trial.

*Ela,* for the tenant.

The only question, in this case, is, whether the person, whose declarations were proved to the jury, stood in such a relation to the parties, as to come within the exceptions to the general rule of evidence—that what one individual says, not under oath, cannot be received for or against another individual.—The exceptions to this rule are—

1.   The statements of parties or their agents.

Copp
*vs.*
Upham.

2.   The admission of tenants as to the extent of their tenancy and the title under which they hold.

3.   Statements as to pedigree.

The two latter classes may be laid out of this case. With regard to the second, it is clearly settled that the admission of tenants are only competent when made during the existence of the tenancy.   Here *Enoch Ela* had parted with his title  nearly three years before the  admissions, given in evidence in this case, were made.   5 *John.* 426, *Phenix vs. Ingraham.*—2 *D. & E.*53.

It then only remains to consider whether he comes within the first exception.

I am aware, that a variety of cases may be found in the books, where admissions of persons, whose names are not spread upon the record, as parties, have been received in evidence—but invariably on the  ground  that such persons were substantially parties, and that these admissions were against their interest in that relation.

But in this case, the interest of the person, whose admissions were given in evidence, was obviously to charge his personal debt upon the land of the tenant.   So far is he from being substantially the party in interest, in the defence of this suit, which is the ground taken by the defendant's counsel, that the only matter, in controversy, is, whether the tenant shall be obliged to pay *Enoch Ela's* debt, or the demandant take his personal remedy against him ;—and it would be truly extraordinary, if the naked admission of a person, in this situation, should shift this burthen from him to the tenant, as is seriously contended.

This is a stronger case than the one, which has been frequently decided and which is somewhat analogous, of excluding the confessions of the endorser of a promissory note.   They both proceed on the principle, that after a man has fairly parted with all his title to real or personal property, the  validity and effect of the  contract include the renunciation of all further power and control over it.   The rights of purchasers require courts to enforce this principle in all cases within its scope.

*Woodbury and Woodman, in support of the verdict, relied upon the following positions.*

1.  That although a person may be compelled to testify against his interest, this does not extend to a person who is a nominal party upon the record, nor to a person who is, in reality, a party, although not so upon the record.—*Phillips Ev.* 75.—1 *Taunton* 104 —10 *East* 403.—7 *D. & E.* 663. —11 *East* 578.—20 *John.* 142.—4 *Camp.* 38.— 3 *ditto* 465.

2.  That the mortgager, in this action to foreclose, is the party in interest ; the question tried having been, whether he had paid the debt, and that hence his confessions were evidence.

3.  That unless the confessions of *E. Ela* were competent evidence, that the demandant would have been compelled to put a witness upon the stand, whose interest it was to swear directly against him.

4.  That if the mortgager was not the nominal nor the real party, he was the agent of the tenant, to settle the mortgage debt ; and the confessions of an agent, as to the subject matter of his agency, are as the confessions of the principal. 12 *Mass. Rep.* 163.—10 *John.* 478.—5 *Esp. N. P. C.* 145.—1 *Camp.* 391.—*Phill. Ev.* 80.—2 *Esp. N. P. C.* 511. 1 *Barn. & Ald.* 247.—1 *Wilson* 257.

5.  A person once interested in a subject, his confessions, as to that subject, are competent. (3 *Day.* 309—1 *Taunton* 104.) Here the mortgager was once interested in this mortgage, and his interest continued, when the declarations offered in evidence, in this case, were made.

RICHARDSON, C. J. delivered the opinion of the court.

The question to be decided in this case is, whether the declarations of *Enoch Ela* were, under the circumstances, competent evidence to go to the jury ? It does not appear, that he had any interest in the event of the suit. If any thing be due from him to *Copp*, it will remain due, let the event of this action be what it may.

But it is said, that he could not be compelled to testify against his own interest, and to give evidence tending to shew, that he owed a debt. On this point there has been much diversity of opinion. *Lord Kenyon* ruled, that a wit-

*Copp vs. Upham.*

Copp
*vs.*
Upham.

ness was not bound to give an answer to a question, which might subject him to a civil action. *Peake's Ev.* 137. In Connecticut, the law on this point is settled conformably to the opinion of *Lord Kenyon.*

But, on the trial of the impeachment of *Lord Melville,* eight of the twelve judges of England, with the Lord Chancellor, were of a different opinion. (*Swift's Ev.* 78 — *Phill. Ev.* 208, *note* ) And it is now declared by statute in England, that a witness cannot, by law, refuse to answer a question relative to the matter in issue, on the ground, that the answering of such question may tend to establish, that he owes a debt, or is otherwise subject to a civil suit. 10 *East* 395, *the King vs. Woburn.*

We are, on the whole, inclined to think, that the better opinion is, that a witness may, in such a case, be compelled to testify, and that the declarations of *Enoch Ela* could not, on that ground, be admitted as evidence.

The authorities, to which the demandant's counsel have referred us, do not apply. The case of *Tyler vs. Ulmer,* (12 *Mass. Rep.* 163,) was an action against a sheriff for the default of his deputy ; and there the confessions of the deputy were held to be evidence against the sheriff. It is well settled, that a real party to a suit cannot be compelled to testify, although his name does not appear upon the record. *The King vs. Woburn,* 10 *East* 395. — *Phill. Ev.* 60.

It is therefore held, that the admissions of a party to a suit, against his interest, are evidence in favour of the other side, whether made by the real party on record, or by a nominal party, who sues for the benefit of another, or by the party, who is really interested in the suit, though not named on the record. *Phill. Ev.* 72 — 11 *East* 578, *the King vs. Hardwick.*

A suit against a sheriff, for the default of his deputy, is in reality a suit against the deputy. So in the case of *Wood vs. Braddick,* (1 *Taunton* 104,) it was decided, that an admission made by one of two partners, after the dissolution of the partnership, concerning joint contracts, that took place during the partnership, was competent evidence to charge the other partner. The reason of this decision was, that as to

contracts, made while partners, the partnership still contin-
ued : and the partner, who made the admission, though not
nominally, was in reality a party to the suit.

We are, on the whole, of opinion, that the declarations of
*E. Ela* were improperly admitted as evidence, and that there
must be

<div align="right">*A new trial granted.*</div>