Curia, per Woodworth, J.
Whether a demand of payment was made out or not, seems not to be material; inasmuch as there is sufficient evidence of a waiver, provided Lawrence was a competent whness. He states, that in his transaction with the defendant, he acted as the agent of Mrs. Remsen; that the defendant repeatedly promised to pay the check after it fell due; that on the 17th of ¡November he wrote to Lawrence that his efforts to collect enough to pay the note had been unavailing; and that it should be provided for on the then next Monday or Tuesday. Here then is an admission that the defendant had not funds tó pay; and an implied waiver of a previous demand, if necessary to entitle the plaintiff to sustain his action.
But it is contended that the plaintiff, being a'mere agent, and having no interest, cannot maintain this action. It appears that the plaintiff came fairly by the possession; and his name was used for the benefit of Mrs. Remsen, claiming to be the person in interest. The rule is, that the bearer of a note or bill payable to bearer, need not prove a consideration, unless he possesses it under suspicious circumstances. (1 Chit. on Bills, 51.) If a question of mala fide possessio arises, that is a fact to be raised by the de *176 fendant, and submitted to the jury. Conroy v. Warren, 3 John. Cas. 259. In that case, Mr. Justice Kent referred ' to Livingston v. Clinton, decided July term, 1799, where the law was laid down, that if a note be indorsed in blank, the court never inquires into the right of the plaintiff, whether he sues in his own right, or as trustee ; that any person in the possession of a note may sue: and he says a decision to the like effect, (Cooper v. Kerr,) was in March, 1800, affirmed m the court of errors.[1] In Payne v. Eden, 3 Caines, 213, the note was indorsed to the plaintiff. He had no interest; but was merely a trustee for others. Ho objection was taken to his *want of interest. The question was as to the consideration of the note; and that being illegal, the plaintiff failed. Thompson, justice, who delivered the opinion of the court, considered the cause in the same point of view, as if the original parties were before the court. In consequence of proving that the plaintiff has no interest, the remedy is not defeated: but the defendant is permitted to avail himself of a defence against the original party, It is no answer to say that the defendant cannot plead a set-off against the cestui gue trust. It may, in some cases, be a hardship, as such a defence applies to the parties on the record only. The act authorizing a set-off may not be sufficient to meet this case: but the remedy is with the legislature; not the courts of justice.
It is well settled, that the plaintiff on the record cannot be compelled to give testimony. Mrs. Eemsen was the real plaintiff, and had a direct interest in the event of the suit. I think she was not bound to give evidence, unless by her assent. This question has not, I believe, been directly settled in our courts; but it falls within some of the rules of evidence which have been recognized and acted upon.
In Bain v. Hargrave, (K. B. 35, Geo. 3, M. S. cited in Peake’s Ev. 184,) Ld. Kenyon held that he would not oblige a witness to answer any question that might tend to charge him with a debt; that a man might come volun *177 tariiy, and charge himself with a debt; but could not be to charge himself civilly, any more than to make himself liable to a criminal prosecution. And in Raynes v. Towgood, (37 Geo. 3, M. S. id.) he would not compel a witness to give evidence which would subject him to a pecuniary penalty. In Lord Melville’s case, (1 Hall’s Law Journal, 223, Peake’s Ev. 188,) questions were proposed to the judges, whether a witness can be required to answer a question, the answering of which may establish that he owes a debt recoverable in a civil suit. The judges were divided in opinion; eight being in the affirmative, and four in the negative. This gave rise to the act of 46 Geo. 3, which declared that a witness cannot, by *law, in such cases, refuse to answer. The court of king’s bench decided, in The King v The Inhabitants of Woburn, (10 East, 395,) that a rated inhabitant of a parish is to be considered a party to an appeal between his parish and another, touching the settlement of a pauper, although the nominal parties be the church wardens and overseers of the poor of the respective parishes; and being, as such party, directly interested in the event of that proceeding, he cannot be compelled to give evidence by the adverse parish, even since the statute of 46 Geo. 3; not being within the words or meaning of that law. This act is declaratory; and evidently intended to declare the law as laid down by a majority of the judges. It was not intended to apply, nor are the opinions of a majority of the judges to be understood as applying to the party on the record, or the party directly in interest. Lord Ellen-borough observed, that “ the act takes away the right of objecting by reason only, or on the sole ground, that the answering the question may establish, or tend to establish, that the witness owes a debt, or is otherwise subject to a civil suit. But this is not the ground of the present objection ; nor does it appear to have been the intention of the legislature to alter the situation of parties to a suit or proceeding.” The rated inhabitant was considered as much a party, as if his name had been used on the record j so that, without definitely pronouncing an opinion on the question whether a witness is compellable to make an *178 answer whereby he may subject himself to a debt, it may be safely affirmed in this case, that the real plaintiff is privileged ; and has ever been so considered in judgment of law. Mrs. Eemsen was the real plaintiff; and is entitled to the benefit of this rule.
In Title v. Grevett, (2 Ld. Raym. 1008,) it is laid down by Holt, Ch. J., that a witness, though he may, shall not be compelled to give evidence which will subject him to a civil action. So also in Appleton v. Boyd, (7 Mass. Rep. 131,) it was held that a party in interest was not bound to testify against his consent. We ought not to relax the rule, because the party may obtain the ^evidence by bill of discovery. We are in a court of law, and must be governed by the rules of evidence which have been adopted there. Certainty is of the greatest importance in questions of evidence ; and ought not to be departed from for the sake of laying down what may be considered an improved rule.[1]
With respect to the interest of Lawrence, it appears that the commissions charged were included in the check. That belongs to Mrs. Eemsen. If Lawrence is to be credited, her funds were advanced for the check. I do not *179 perceive that Lawrence can establish a claim against the defendant for commissions.. The holder of the check will recover that portion as well as the residue. From the COurse of the transaction, I consider Lawrence as having passed to Mrs. Bemsenthe whole check; and he must look to her for the amount of his commissions. Whether Mrs. Bemsen succeeds or not, will not,, I apprehend, affect his claim.
The motion for a new trial must be denied.
Mew trial denied. ‘

 See 3 Kent’s Com. 78; Pearce v. Austin, 4 Wharton, 489.

 In New York a witness cannot refuse to answer any question, on the ground that his answer will subject him to a civil suit. 2 N. Y. Rev. Sts. 405, § 71.
The excuse for not answering, on the ground that the witness’ answer will subject him to a civil suit, is denied, upon common law authority, in Kentucky; (Gorham v. Carrol, 3 Litt. 221; Black v. Crouch, id. 226; Robinson v. Neal, 5 Monroe, 215; Conover v. Bell, 6 Monroe, 157;) and his answer is admissible against him in another controversy. (Helm v. Handley, 1 Litt. 221.) So in Pennsylvania; (Baird v. Cochran, 4 Serg. & Rawle, 397; Nash v. Van Swearingen, 7 Serg. & Rawle, 192;) Maryland; (Taney v. Kemp, 4 Har. & John. 348; Naylor v. Semmes, 4 Gill & John. 273; The City Bank of Baltimore y. Bateman, 7 Har. & John. 104; Stoddart's lessee v. Manning, 2 Har. & Gill, 147;) Massachusetts; (Bull v. Loveland, 10 Pick. 9;) though Appleton v. Boyd, (7 Mass. Rep. 131,) inclined to the contrary; New Hampshire; (Copp v. Upham, 3 N. H. Rep. 159) Ohio; (Cox's adm'rs v. Hill, 3 Hamm. 424;) Louisiana; (Planter's Bank v. George, 6 Mart. Rep. 679; overruling Navigation Company v. N. Orleans, 1 Mart. Rep. 23;) and North Carolina; (Jones v. Lamier, 2 Dev. 480.) Otherwise in Connecticut; (2 Storrs v. Wetmore, Kirby, 203; Starr v. Tracy, 2 Root, 528; Benjamin v. Hathaway, 3 Conn. Rep. 528;) and Tennessee; (Cook v. Corn, 1 Overt. 340; Tatum’s ex'rs v. Loftan, Cooke, 115.)