Jiulgd Miles
delivered the opinion of the Court.
Tins is an action of ejectment, and a Verdict and judgment for the plaintiff, to reverse which this appeal is prosecuted*
The title given in evidence by the lessors of the plaintiff, was a patent from the Commonwealth to Phebc Neal, late Phebe. Larue, dated in 1806; at which time the said Phebe was a feme covert, and still so remains. This the plaintiff relied on as supporting the demise of the said Phebc Neal and her bus- *213 band, there being several other demises laid in the declaration from others, which there was no ovidence to support. The survey on which this palent emanated was made in 1799, on an entry made on preemption warrant, entered June 14th, 1780. Phebe Larue was married in 1795, being then about seventeen or eighteen years old.
Instructions "^cuiiTourí’ that plaiutiff’s grain °“
Objections to grmit, hrvey aot in time,
Act of i~ííí> to threae years after attainíl!S lllil a;;i% to survey on trie»
Compact with Virginia, does no/, prohibit Kon • tucky from extending the time Tor surveying entries on vacant /and even now.
Instruction i?0!®'1..011 f t iu i ct. rio* •
The defendant’s counsel moved. the court to instruct the jury, that the survey having betín made, and the patent issued thereon, according to the acts of the state of Kentucky, extending the time for making surveys, the patent was void because it had issued contrary to the compact with the state of Virginia. •
It would be difficult to sustain this application iu a court of law, and thus permit the defendants to travel behind and out of the plaintiff’s grant, to invalidate it, which in general cannot be done, as held by this court in the case of Bledsoe’s devisees vs. Wells, 4 Bibb, 329.
But if this could be done, the proof conduces to show that the survey was made within three years alter Mrs. JNeal arrived at the age of twenty-one years, which would bring her case within the exceptions of the Virginia statute, on the subject of 1 i J surveys, passed m 1785.
In addition to this, if the state of Kentucky, at this day, was to permit all the unsurveyed entries, made under the land laws of Virginia, and now forfeited because not surveyed in time, to be now surveyed on the vacant lands of tbc state, and carried into grant, it would be a strange supposition, that the compact with Vigrinia forbade it. That instrument does not prevent the state of Kentucky from appropriating her vacant lands as she may please; and there is nothing in this record which shows that this land was appropriated previous to the cíate of this grant. The court below, therefore, did. right in refusing this instruction.
The next instructions moved for and overuled, were, that the lessors of the plaintiff were not enti- / i lied to the benefit of the exceptions contained in the *214 statute of limitations, so as to save tlieir right ol entry; or if the female lessor, was within these exceptions, her husband was not, and that as the right of entry was exclusively in him, he was barred.
Query — may arid*wtfean maintain an ejectment afsary'posses-1'' sion of twent.y years of their cover-lure.
Limitation tlocs not commence running until the date of the plaintiff’s grant.
a'bdr'^ir'd'1^6 the^'yearsl' limitation law, defenihew a'con neoiec title in law or equity, versé^laim" move than ’ seven years with an actu al occupaney. __
Elijah Cole, one of)the demises, by the name of Elisha, offered as a witness by the defendant, and objects to give evidence because a-, gainst himself.
*214 Whether the husband so possesses the exclusive right of entry that he may be barred, so that the Mnd cannot be recovered in his life time, and can only be recovered after his death, when the right returns to the wife, in faVor of whom alone, the ex-cel,i;Mn is made, is a question of some nicety in the construction of our statutes of limitation, and has not, so far as we know, undergone an express tiecisión,
But we ought hot to decide it now'; fin5 the question is not presented. The tenants here had been in possession more than twenty years before this action was brought; but still, for a great part of that time the land belonged to the Commonwealth, whose' right of entry could not be tolled until 1806, and it was not twenty years from the emanation of the patent till the commencement of the suit, so that the defendants could not avail themselves of the bar of 20 years as fixed by the ancient statutes. See Chiles vs. Calk, 4 Bibb, 654.
Nor have they brought themselves within the prov*s*ons the act M * 809, which fixes the bar, in some cases therein specified, to seven years. They have showed a survey far older in date, than seven years, and that they claimed the land under a writing from Alexander and William Tilford, more than seven years belore suit was brought; but there is a total absence of proof that the Messrs. Tilfords had any connexion with the survey set up till within seven years before the suit was brought; and to avail himself of this act, a defendant must show a COilIiec*-e^ title in law or equity, with an adverse interfering claim, more than seven years before suit brought, coupled with an actual occupancy.
The last question we shall notice, arises from the rejection of a witness by the court below, when offered by the defendants to dep.ose on the trial, There was a demise in the declaration, to the ficti *215 titous lessee, by Elisha Cole. The witness offered, stated that he was interested in favor of the plaintiff’s recovery, and expected to get the benefit of the recovery, if had, and that it would be compelling him to depose against his interest, if compelled to depose at all; that he was the person intended to be described in the declaration, as a lessor by the name of Elisha Cole; but that his name was not Elisha, but Elijah Cole, and that he knew of no person by the name of Elisha Cole. The court refused to permit him to be sworn in chief, to which the defendants excepted.
No interest of a witness can excuse him from giving testimony, except the danger of a penal proceeding against him if he should depose.
Lessors of the plaintiff are the real parties to the action, and no one of them can be compelled by defendant to give evidence though no title had been shewn in him.
Elijah Cole compelled by-defendant to give evidence in an ejectment on tbo demise of Elisba Cole, who witness deposed was intended for himself.
That this witness could not be excused on the score of interest in the controversy is well settled, It takes an interest which, if he should depose, would subject him to penal proceedings, to excuse a witness, as held by this court in the case of Gorham vs. Carrol, 3 Litt. Rep. 221. Subjecting the witness to a loss by civil suit, is not sufficient to excuse him from telling the truth. The the truth in our legal controversies is of too great importance in society to permit a witness to keep it concealed, because he has by his own act, made it his pecuniary interest to keep it out of sight.
The question remains, can he be excused as a parity? We concede that a party cannot generally be compelled to become a witness against himself in a court of common law, and that a lessor of the plaintiff in an ejectment, must be considered as the real .party in an ejectment.
Was this witness such a lessor? or in other words, would proving a title in Elijah Cole, have supported this demise by Elisha Cole, and have enabled the witness to recover? If jt would not, then he is not ..entitled to the privilege of a party, and ought to be compelled to depose. Whether this demise might not, before the trial have been changed from Elisha to Elijah Cole, on proper proof of a mistake in drafting the declaration, we need not inquire; for this was not done, and we must take the declaration as it is. The names are distinct in letters, sound .and meaning, and of course, will, each designate a different person. If the witness is only misnamed *216 in a declaration, we are aware that a misnomer must generally he taken advantage of by a plea in abatement. But an ejectment is an action which seldom admits of such pleas, and the matter of such jilea must therefore be relied on, under tlie general issue. Even in actions where jileas in abatement arc admissible, such defects in pleading may be taken advantage of under the general issue.
Misnomer of one through whom plaintiff olaims or whose name occurs in setting out his cause of action cannot 1)0 pleaded in abatement, bntis fatal on the evidence.
Proof of title in Elijah not admissible on a demise by Elisha.
Crittenden, Benny, and Talbott, for jilaintiffs; Hag-: gin, Loughborough and Wicklijfc for defendants.
For in an action of assumpsit on a bill of exchange, charged in the declaration to he drawn by Elisha Brown, jiroof that the bill produced, signed “ E. Brown,” was in the hand writing of Elijah Brown, was held not to support the action or to be admissible evidence for that purpose, 3 Starkic Ev. 1580, in note.
Proof of title, therefore, in Elijah Cole was inadmissible to support this declaration, and the witness cannot he held as a legal party to the suit, and ought not, therefore, to have been excused from deposing in 'favor of the jiarty against whom he was interested.
The judgment must therefore be reversed, and the cause be remanded for new proceedings not inconsistent with this opinion.
Chief Justice Bibb, did not sit in this cause.