## Case No. 5,968.

### HALSTED v. LYON.

[2 McLean. 226.] [1]

Circuit Court, D. Michigan. Oct. Term, 1840.

NEGOTIABLE INSTRUMENTS — PAYABLE TO BEARER —HOLDER MAY SUE IN HIS OWN NAME—PLEADING.

1. On a note, payable to James A. Hicks or bearer, suit may be brought in the name of the bearer.

2. The transfer of such a note is not within the 11th section of the act of 1789 [1 Stat. 78], which prohibits the assignee from suing, in the courts of the United States, unless the assignor could have sued in said courts.

3. Possession of a note, payable to bearer is, prima facie, evidence of right. And further proof is not required, unless under suspicious circumstances. Such circumstances must be shown by defendant.

4. The holder of a note, payable to bearer, may sue in his own name, with the consent of others, who may be interested in the note.

5. A plea is bad which states facts that amount only to the general issue.

6. It is bad, if it set up two distinct matters of defence, either of which is sufficient to defeat the plaintiff's action.

7. So, a plea is bad which sets up matters in defence, and neither denies nor admits, and avoids the plaintiff's allegation. It should give color to the plaintiff's right.

[This was an action at law by William M. Halsted against Edward Lyon.]

Barstow & Lockwood, for plaintiff.
Romeyn & Atlee, for defendant.

OPINION OF THE COURT. This action is brought on a promissory note, in which the defendant promised to pay James A. Hicks, or bearer, eleven hundred and sixteen dollars and six cents, for value received, with interest, one year after the 23d May, 1839. And the declaration avers, that the said James A. Hicks then and there delivered, and transferred the said note to the plaintiff, for value received, who became, and is still, the lawful bearer thereof. The defendant pleaded—First, the general issue; second, that Hicks, the payee, when the note was given, and still is, a citizen of Michigan, and that the note was by him assigned to William M. Halsted, Richard T. Haines, Matthias C. Halsted, Richard J. Thorn and James M. Halsted, who still are the owners and holders thereof, which he is ready to verify, &c.; third, that Hicks was, and is, a resident of the state of Michigan, and that the defendant is a citizen of Michigan; that Hicks assigned the mortgage to William M. Halsted and the others, as above stated, and delivered it, together with the note, to the assignees, &c. To the second and third pleas the plaintiff demurs, and assigns, as cause of demurrer to the second plea, that it does not confess and avoid, or traverse and deny, any material fact in the declaration, which it was necessary to al-

ledge. And that the third plea does not put in issue any material fact alledged, or necessary to be alledged, in the declaration; that it is equivalent to the general issue, and is argumentative and evasive. The defendant joined in demurrer.

The bearer of a bill or note originally payable to bearer, has, in general, only to produce the instrument; though, under suspicious circumstances, the bearer of a note, transferrable by delivery, may be required to prove that he, or some person under whom he makes his title, took it bona fide, and gave a valuable consideration for it. Doug. 632; Grant v. Vaughan, 3 Burrows, 1516; Chit. Bills (Ed. 1839) 626. In the case of Bank of Kentucky v. Winter, 2 Pet. [27 U. S.] 327, the court say, they have uniformly held that a note payable to bearer, is payable to any body, and not affected by the disabilities of the nominal payee. And, in the case of Bullard v. Bell [Case No. 2,121], it was held, that the circuit court had jurisdiction of an action brought on a bank note, payable to W. Pitt, or bearer, by the holder, a citizen of one state against the citizen of another, without showing that W. Pitt is a fictitious person, or a citizen of a state different from the defendant—the prohibition contained in the 11th section of the act of September 24th, 1789, not applying to such a case. The rule is, that the bearer of a note or bill payable to bearer, need not prove a consideration, unless he possess it under suspicious circumstances. If a question of mala fide arises, that is a fact to be raised by the defendant, and submitted to the jury. Mauran v. Lamb, 7 Cow. 174; Conroy v. Warren, 3 Johns. Cas. 259; Payne v. Eden, 3 Caines, 213. There is nothing in the law which forbids the holder of a negotiable note, after it has been indorsed, from suing it in the name of another, with his consent, provided it is unattended with any circumstances of fraud and oppression. Nor is it unlawful for another person to institute such suit in his own name, with the privilege and consent of the party beneficially interested. 2 Am. Com. Law, 324.

We will now apply these principles to the points raised, in this case, by the pleadings. The objection to the second plea, is, that it does not confess and avoid, or traverse and deny, any material fact in the declaration, which it was necessary to alledge. In this plea, it is averred that Hicks, the payee of the note, at the time it was given, also, when it was assigned to William M. Halsted and others, was, and still is, a citizen of Michigan, and that the assignees are the holders thereof. In what way the note was assigned, whether by indorsement or delivery, the plea does not state; nor is this material. The action is brought by the plaintiff, as bearer. There is no allegation in the plea which creates a suspicion that the plaintiff is not a bona fide holder. For, if the fact be admitted that the other assignees have an interest in the note, the action, by their consent, may be sustain-

ed in the name of the plaintiff. He has possession of the note, and his right to maintain the action will be presumed, as bearer, or, with the consent of the other parties in interest, until the contrary appear. In an action brought on a note payable to bearer, the declaration need not alledge of whom he obtained it, but that he came into the possession of it bona fide. He is not obliged to prove the consideration paid, except under suspicious circumstances; and these are to be shown by the defendant. The note, under consideration, was payable to Hicks or bearer. Now, if the note had been indorsed by the payee to the plaintiff, and he had brought his action on the assignment, he would have been bound to prove it. Waynam v. Bend, 1 Camp. 175; Rex v. Stevens, 5 East, 244; Chit. Bills (Ed. 1839) 626. Though the note had been assigned by indorsement, the action might have been brought, as bearer, without alledging the assignment. The drawer promises to the bearer, as well as to the payee, and no indorsement by the latter can affect the obligation incurred by the drawer. There is a privity between him and the bona fide holder. The promise is to him, and, on a general count for money had and received, the note is evidence in an action against the drawer by the bearer.

In the case of Sere v. Pital, 6 Cranch [10 U. S.] 332, the court held, that a general assignee of an insolvent can not sue in the federal courts, if his assignor could not have sued in those courts. That was a case where an alien, who was the assignee of an insolvent citizen of New Orleans, brought suit, in the district court of the United States, against a citizen of the same place. The court, in that case, did not seem to think it was clear of doubt; but it was altogether different from the case under consideration. The assignee of the insolvent represented the right of his assignor. He could set up no other right. It was through the assignment only, that he could maintain his action. He acted in a fiduciary capacity. But the plaintiff, in this case, brings the action in his own name, and in his own right. He relies upon the promise made to him as bearer of the note, and not on the promise made to Hicks. The plaintiff, then, asserts no right under an indorsement, but a right in himself; a right made complete by a mere delivery of the note, in the course of business, the same as a bank note which passes by delivery. In principle, there is no difference as to the right of the bearer, between a bank note and any other promissory note, or bill payable to bearer.

From these considerations it appears that the facts, stated in the second plea, do not go to destroy the plaintiff's action. The delivery of the note by Hicks, or its transfer, is not within the act which restricts the right of the assignee, as to bringing suit in the courts of the United States, to the right of the assignor. Hicks, being a citizen of Michigan, could not have brought this suit against

the defendant, on account of his being a citizen of the same state; but this does not affect the plaintiff, who is a citizen of New York, and who sues as bearer. Nor is there any thing in the plea which controverts the right of the plaintiff to maintain this suit, in his own name, if the other persons named have an interest in it.

The third plea differs from the second, only, in alledging that a mortgage was given to secure the payment of the note, which was assigned, by Hicks, to William M. Halsted, and the other persons named, and that the note, with the mortgage, was delivered to them. The objection to this plea, is, that it does not put in issue any material fact alledged, or necessary to be alledged, in the declaration; and that it is equivalent to the general issue, and is argumentative and evasive. This plea does not alledge an assignment of the note, but that it was delivered to the persons named, with the mortgage, which was assigned. Now, these facts are less strong against the right of the plaintiff to maintain this suit, than those set forth in the second plea. That plea contains an averment, that the note was assigned by Hicks; the third plea, that it was delivered. Now, according to the third plea, it passed to the above persons by delivery; but this does not show that the plaintiff is not now the bona fide bearer of the note. There are, in fact, no allegations in the third plea which are not already answered in the considerations applicable to the second. There is another objection to these pleas, which would be fatal, even if the matters alledged, properly pleaded, would have abated the plaintiff's suit.

In each of the pleas two distinct grounds are set up against the plaintiff's right to maintain his suit: One, that the assignor, being a citizen of Michigan, where the suit was brought, could, under the act of congress, assign no interest to the plaintiff which would give him a right to sue in the circuit court; and, the other, that the plaintiff is not the holder of the note. Now, if the assignment were within the act, this objection would be fatal to the plaintiff's suit; and so would the other objection be fatal, if it were shown that the plaintiff was not the bona fide holder of the note. Neither of these pleas deny the allegations of the declaration, nor do they admit and avoid them. The facts are pleaded in abatement, or, according to the form of the pleas, in bar of the plaintiff's action, without giving color to his right. And this is a fatal defect. It is plain, that a plea which shows new matter in avoidance or discharge of the plaintiff's allegations, is double and argumentative, if it do not admit the apparent truth of these allegations as matter of fact. There can be no occasion to adduce grounds for defeating the operation of disputed facts. The plea in avoidance must, therefore, give color to the plaintiff. Chit. Pl. (Ed. 1827) 556.

Where the defence consists of matter of fact merely, amounting to a denial of such allegations in the declaration as the plaintiff would, on the general issue, be bound to prove in support of his case, a special plea is bad, as unnecessary, and amounting to the general issue—First, on the ground of its prolixity; and, secondly, if viewed as a plea in confession and avoidance, it does not give color, or a plausible ground of action, to the plaintiff. 1 Chit. Pl. (Ed. 1827) 556. The defendant can not, in answer to a single claim, rely on several distinct answers; nor can he do so in one plea. Thus, in a plea of outlawry, the defendant can not state several outlawries, because one would be sufficient to defeat the action. Carth. 9; 1 Chit. Pl. (Ed. 1827) 260. It is insisted, that the demurrers to these pleas are not special. They might have been drawn with more formality, but they are sufficiently so to bring up the points above discussed. The principal defect alledged, is, that they do not state, with the requisite precision, the grounds of the demurrer. But facts are stated, from which the law infers legal consequences, and this is sufficient. Whether these pleas, therefore, be considered as stating facts which amount only to the general issue, as setting up two distinct grounds of defence, or, as pleas in confession and avoidance, they are defective. The demurrers to these pleas are sustained.