Mr. Justice Clayton
delivered the opinion of the court.
The only question in this cause is, whether Putnam’s deposition was rightly excluded. He was the payee of the note, and his testimony was offered to show, that the note had been paid to him, and delivered up to the maker, the principal debtor, who prevailed upon him to indorse it, after the payment, without recourse.
*142 Whether a party to a negotiable instrument, who has given it credit and currency by his signature, shall afterwards be admitted as a witness in a suit between other persons, to prove the instrument originally void, is a question upon which judges have been much divided in opinion. In England, the rule against the admissibility of such party, formerly prevailed; but the rule at present received, is in favor of his competency, if there be no other objection. 1 Greenl. Ev. 529, 530. In the United Stales, the courts are arrayed on both sides of the rule. The supreme court of the United States, holds the witness in such case to be incompetent. Bank of United States v. Dunn, 6 Peters, 51; Bank of Metropolis v. Jones, 8 Peters, 12. Many of the cases in the state courts, are collected in 2 Phil. Ev. 72, Cow. & Hill’s notes.
“ But the rule of exclusion is referred to the ground of public convenience, and seems to be restricted in its application to the case of a negotiable security, actually negotiated and put into circulation before its maturity, and still in the hands of an innocent indorsee, without notice of the alleged original infirmity, or any other defect in the contract.” 1 Green. 531. This is the extent of the rule adopted in the Supreme Court of the United States. United States v. Leffler, 11 Peters, 95 ; Scott v. Lloyd, 12 Peters, 149. The party is admissible, where the instrument is not negotiable, or where he is called to prove payment, or anything which does not impeach the note, but only goes to show its discharge, provided he is not interested, or liable to other objection. The rule thus laid down, has been recognized in this state. Routh v. Helm, 6 How. 127. It has likewise been decided, tliat where the party called as a witness, has indorsed, without recourse, he is competent. Parker v. Hanson, 7 Mass. 470; Gorham v. Carroll, 3 Littell, 221.
These exceptions entirely cover the present case. Without entering upon the consideration of the vexed question, involved in the general proposition of the competency of the witness, in regard to negotiable paper actually negotiated in due course of trade, we may safely say, that the testimony in this instance was improperly rejected.
The judgment is reversed, and new trial granted.