CHARLES P. WHITTEN *vs.* CALEB HAYDEN & another.

*.f* a negotiable promissory note has been indorsed by the payee in blank, and the owner delivers it to his attorney for the purpose of having an action brought thereon in the name of some other person, the maker cannot resist the action on the ground that it was brought in the name of .a third person, unknown to the plaintiff, to whom the note had never been actually delivered; and in such case the blank indorsement may be filled at the trial, or even thereafter, if the judge before whom the case was tried, without a jury has found for the plaintiff under the impression that the indorsement had been filled.

CONTRACT on a promissory note signed by the defendant Hayden, payable to the order of Moses G. Cobb, and by him indorsed in blank. At the trial in the superior court, before *Lord,* J., without a jury, it appeared that William B. May owned the note at its maturity; that upon its dishonor he went with the note to John M. Way, who gave him a nominal sum for it; that May thought that such a transaction in some manner changed his relation to the note, but did not understand that his ownership of it was affected; that he desired Way to bring this suit in some third party's name, but expected that the money collected would come to him. May also testified that he did not know the plaintiff.

The defence was that the suit could not be maintained in the name of the plaintiff, and the defendant's counsel asked the judge to rule that if May was the real owner of the note in suit, and directed Way to bring the suit in the name of some third party, and suit was accordingly brought in the name of the plaintiff, who never had any interest in the note, nor any other possession than that of his attorney on record in the suit, then he could not maintain this action; and that the production of the note by the plaintiff's attorney, with proof of the signature of the maker and indorser, would not be sufficient evidence of title

in the plaintiff to enable him to recover in a suit thereon.    But the judge ruled that it was not necessary in order to maintain this action that the plaintiff should be the owner of or have any interest in the note; that it was sufficient if the action was brought in his name with his consent; that the indorsement being in blank would in strictness be insufficient, but that it was the right of the plaintiff to write over the indorsement in blank an order to pay to himself, and, upon that being done, the evidence would be sufficient.

The judge found for the plaintiff, and when the bill of exceptions was tendered it was objected that the indorsement in blank had not been filled.    The judge had acted and made his finding upon the supposition that it had been filled, and, his attention not having been called to it after the time when he made the ruling, he did not feel called upon either to interfere or to make any ruling upon the point.    The defendant's counsel understood the judge to rule that it was not necessary to fill the indorsement till after the finding, although in fact the judge only ruled that it might be done at any time in the progress of the trial.

To the above rulings and refusals to rule the defendant alleged exceptions.

*I. Knowles, Jr.,* for the defendant, cited *Sherwood* v. *Roys,* 14 Pick. 172; *Taylor* v. *Binney,* 7 Mass. 481; *Peaslee* v. *Robbins* 9 Met. 165; *Day* v. *Lyon,* 6 Har. & Johns. 140; *Hudson* v. *Goodwin,* 5 Har. & Johns. 115; *Fairfield* v. *Adams,* 16 Pick. 383; *Cope* v. *Daniel,* 9 Dana, (Ky.) 415.

*E. M. Bigelow,* for the plaintiff.

BIGELOW, C. J.    It is too late to call in question the doctrine that on a promissory note indorsed in blank an action may be maintained in the name of a third person for the benefit of the indorsee with his consent.    In such case, the maker cannot defend on the ground that the plaintiff has no interest in the note, and is seeking to recover the amount for the use of the real owner.    This point was distinctly adjudicated in *Beekman* v. *Wilson,* 9 Met. 434, and is the well settled rule in England and in many of the United States.    *Law* v. *Parnell,* 7 C. B. (N. S.) 282.

*Ancona* v. *Marks*, 7 Hurlst. & Norm. 686. *Mauran* v. *Lamb*, 7 Cow. 174. Chit. on Bills, (12th Amer. ed.) 536, *n.* The evidence offered at the trial was plenary to show that the present suit was brought and is prosecuted in the name of the plaintiff for the benefit and by the authority of the person who is the beneficial owner of the note.

As to the objection that the blank indorsement was not filled at the trial, we are clearly of opinion that, if necessary to be done at all, under the circumstances reported by the judge, it may be done *nunc pro tunc*. *Harmer* v. *Steele*, 15 L. J. (N. S.) Exch. 217 ; S. C. 14 M. & W. 840. *McDonald* v. *Bailey*, 14 Maine, 101. *Exceptions overruled.*