## Baum v. Baum.

(Decided October 12, 1923.)

### Appeal from Daviess Circuit Court.

1. Husband and Wife—Evidence Held to Show Property Owned Jointly by Parties.—In replevin against plaintiff's former husband to recover automobile, evidence held to show that the automobile was their joint property.

2. Replevin—Replevin Will Not Lie Against Another Who Has Equal Right to Property.—Replevin will not lie in favor of one joint owner of personal property against another who has an equal right to the property, under Civil Code of Practice, sections 181, 182; the proper remedy being to enforce one's rights by a sale of the property and a division of the proceeds.

AUD & HIGDON for appellant.

CLEMENTS & CLEMENTS, TANNER W. JETT, and LA VEGA CLEMENTS for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—Reversing.

This appeal is from a judgment in an action in replevin for a five-passenger Buick automobile, alleged to be of the value of $500.00. At the time of the commencement of the action the parties were husband and wife. They resided on a farm at Sidell, Indiana. They had been married some ten or twelve years before the commencement of this action, but during the pendency of the action and before its trial they were divorced.

The only question necessary to be considered in determining this appeal is, who was the owner of the automobile at the time of the commencement of this proceeding? The appellee, Luvina Baum, inherited from her father a farm of 100 acres near Sidell, in Indiana. The appellant, Willis B. Baum, had nothing. Together they cultivated and managed the farm and other farms which they rented, and thus accumulated a large herd of live stock, farming implements, and some money. There was no agreement as to how the proceeds of the farms should be divided or how the profits should be shared. They raised a great deal of corn, oats and other grain upon the farms. Part of this, as well as live stock, was sold and the money deposited to the credit of Willis B. Baum. This system

was continued through the entire period of their married life. While Willis did most of the heavy work and managed the farms, employing men to assist him, appellee, Luvina, did her share on the farm by performing many of the lighter jobs. They were both very industrious and as a result of their industry and good management were prosperous. They separated about the last of December, 1920, or the first of January, 1921, and have not lived together since that time. Appellant, Willis B. Baum, left their home in Indiana, taking the Buick automobile now in question, driving it to Owensboro, Kentucky, where he took up his residence. Appellee did not know his whereabouts for several weeks, but learning that he was in Owensboro she caused this action to be commenced there against him to recover possession of the automobile and damages for its wrongful detention. She alleged that she was the sole owner of the automobile and that she was entitled to the immediate possession of it. These averments were denied by appellant in his original answer. By amended answer he averred that he was the owner of the Buick automobile in question; that he paid $950.00 and an old car for it; that he is entitled to the possession of same. With his answer he filed a bill of sale from the Clinton Buick Sales Company, of Clinton, Indiana, showing the sale of the car by that company to appellant for $1,600.00, with receipt in full. By reply the appellee stated that in the spring of 1919, while she and appellant were living together as husband and wife, she purchased a Buick automobile from one George Baum, father of appellant, for which she paid $700.00, and that she traded this car for the one now in question, paying the difference, $950.00, and that the money thus paid belonged to her. Appellant rejoined and denied the purchase of the old car by appellant as well as the trade of the old car for the new one and the payment of $950.00 by appellee, and denied all the material averments of the reply.

The question as to which of the parties owned the automobile was submitted by the court to a jury, which found for the appellee, Mrs. Baum, the car or its value, $500.00, and $30.00 a month for six months as damage. Judgment being entered in accordance with the verdict, Willis B. Baum appeals.

While both appellant and appellee contend that they are the sole owners of the automobile in question, the

evidence as a whole, in the record, establishes beyond doubt that it did not belong to either of them *in toto,* but was the joint property of the two. It was bought with money which they had earned by their joint efforts upon the farms. He had contributed to its cost by his industry, thrift and management, and she had contributed to its cost by the use of her farm and her labor.

It is well settled that one cotenant or tenant in common of personal property cannot maintain against another an action for the recovery of joint property. Chinn, etc. v. Repass, 1 T. B. Mon. 29; Lewis v. Night, 3 Litt. 223; Newman on Pleading and Practice, sections 764 and 766.

In the absence of a specific agreement between them, and there is none shown, they both had a right to use the car. Either had a right to use it when it was not employed by the other, or they could use it together as they did for several months after its purchase. Replevin will not lie in favor of one joint owner of personal property against another who has an equal right to the property. Under our Code, sections 181 and 182, the claimant in a proceeding of this nature must state under oath that he is the owner of the property or has a special ownership or interest therein, stating facts in relation thereto, and that he is entitled to the immediate possession of the property. And unless he can maintain the averments of his affidavit to the effect that he is the absolute owner of the property or has a special interest therein, he cannot recover it. Had the appellee, Mrs. Baum, averred the facts as the evidence shows them to be, she would not have been entitled to the order of delivery; and having failed to establish by evidence her claim of ownership and to show that her husband, the appellant, was not equally entitled to the possession of the car, appellant's motion for a directed verdict in his favor should have been sustained and the jury instructed to find and return a verdict for Willis B. Baum, not because he was the sole owner of the automobile but because the plaintiff was not entitled to recover its possession from him, her remedy being to enforce her rights by a sale of the car and a division of the proceeds.

As appellant and appellee were husband and wife at the time of the commencement of this action, it is suggested that a special demurrer for defect of parties should have interposed and sustained. 30 C. J. 951;

Edleson v. Edleson, 179 Ky. 300. But waiving this question we think the appellee failed on the merits of the case to show herself entitled to the relief prayed.

Judgment reversed for proceedings consistent with this opinion.

Judgment reversed.