*Lancaster.*

GROFF *against* MUSSER and another.

*Saturday,*
*May 31.*

IN ERROR.

Where three suits are brought to the same Term on promissory notes, and distinct rules of arbitration taken out in each, and the same arbitrators are chosen in each to meet at the same time and place, the arbitrators have no right to consolidate the actions and make one award without the consent of the defendant.

A consolidation is never directed by the Court without the consent of the defendant.

ERROR to the Common Pleas of *Lancaster* county, in which *Musser* and *Herr*, the plaintiffs below, brought three suits against *Groff*, to *April* Term, 1815, numbers 256, 257, and 283. The *præcipe* in each was for " summons in debt, " on promissory note not exceeding 250 dollars." The plaintiffs took out a rule of arbitration in each case, and the same arbitrators were appointed in each suit, to meet at the same time and place. The arbitrators met accordingly, and after hearing the parties, made an award which was returned upon the rule in No. 256, that " defendant has to pay his " three notes amounting to 550 dollars with lawful interest, " *December* 16th, 1815." The plaintiff afterwards issued execution in the suit numbered 256, for the sum awarded and interest, and the costs of the three suits. These circumstances appeared on the record which was brought up by the writ of error.

*Slaymaker,* for the plaintiff in error.

The arbitrators in this case have undertaken to consolidate the three actions, without the consent of the defendant and against his wishes. This is going beyond their authority. Even the Court will consolidate actions only at the request of the defendant. Arbitrators have a special and limited

authority under the act of assembly. They are to decide on "all matters in variance in that suit," sect. 1, and in the suit on which they made this award, the demand of the plaintiff was for a debt not exceeding 250 dollars. Arbitrators must pursue their authority strictly. 6 *Johns.* 14. They cannot award a non suit. 5 *Binn.* 60. In *Brown* v. *Scott et al.,(a)* it appears to have been the opinion of President SHIPPEN, that referees have no authority to consolidate. By the measures pursued by the arbitrators in the present action, we are deprived of the privilege of appealing in some of the actions, unless we appeal in all.

*Hopkins*, contra. This question is new and important, as respects the arbitration system. In the three suits the parties were heard, and the award was for the amount justly due in the whole. This proceeding was for the advantage of the defendant, as it saved him the costs of arbitration in two of the suits. That which is for the benefit of a party, cannot be assigned by him for error. 8 *Johns.* 76. The arbitrators did no more than the Court of Common Pleas might have done. But if it were irregular, the Court of Common Pleas might have amended it on motion ; and this Court will consider an amendment as made, which the Court below would have made. 2 *Str.* 1011. *Black.* 407, 8. By the arbitration law, the arbitrators are sworn " to try all matters submitted to them." The three notes were submitted to them, in three suits, which they consolidated and made one award. There is a technical objection, that more is awarded than is demanded ; but that is not true if we take the three actions into view. Besides, at common law in an action of debt, a man may recover more than is demanded. 5 *Binn.* 564.

*Reply.* Our objections are substantial. The consolidation is not to the defendant's advantage. It deprives us of our appeal in two of the suits which we contemplated. We never submitted three notes in this suit. The case cited from 5 *Binn.* 564, does not prove, that in debt, you can recover more as debt, than the sum demanded ; or more as damages, than the sum laid as damages.

1817.

GROFF
*v.*
MUSSER
and another.

(a) 1 *Dall.* 145.

TILGHMAN C. J. This is an action of debt, brought under our act of assembly, *on a promissory note, not exceeding* 250 dollars. A rule of reference was entered by the plaintiff, and the cause was carried before arbitrators, who made an award, " that the defendant has to pay his three notes, " amounting to 550 dollars, with lawful interest, *December* " 16th, 1815." It appears from this, that the arbitrators consolidated three actions, and included the whole in one award ; and the plaintiff took out an execution for the whole amount of the three notes and interest, and the costs of the three suits. I am always strongly inclined to support awards, which have been made after an examination of the merits, and as there is no reason to doubt the justice of the decision in this case, I have endeavoured to find reasons to support the judgment. But, the arbitrators have been so regardless of the necessary forms, that I know not how to maintain their proceedings. The plaintiff thought proper to bring three actions, and there was a distinct rule of reference, and choice of arbitrators in each action. The act of assembly, (the warrant of the act,) directs them to make an award on the matter submitted to them, in each action, and they are sworn to do so. The plaintiff had no right to ask for a consolidation, and it does not appear, that the defendant ever asked for, or consented to it. The arbitrators, therefore, had no power to make the consolidation. But, it is said, that it was for the interest of the defendant, because it saved him the costs of two suits, and, therefore, he has no right to assign it for error. The defendant, however, asks permission to judge for himself, and conceives that it was not for his benefit ; and he gives this reason for thinking so ; that had the suits remained separate, he might have appealed in some of them, without appealing in all ; and this, he says, he intended to do. Now, as an appeal is not good, without bail, and the difficulty of finding bail is increased, by the increase of the sum in which it is to be given, it follows, that the consolidation has been against his interest. This point came before the Court of Common. Pleas of *Philadelphia,* in the case of *Brown* v. *Scott,* 1 *Dall.* 146, when the late Ch. J. SHIPPEN presided in that Court. The president thought, that the arbitrators had no right to consolidate, and although he was over-ruled by his associates, (who were not lawyers) yet I have always understood that his opinion has been held

for law. It has been urged by the counsel for the plaintiff, that this Court may amend what might have been amended below, and that the Court of Common Pleas would have ordered an amendment, if they had been applied to. Whether the Court of Common Pleas had power to direct an amendment of what was done by the arbitrators under this act of assembly, is not so clear. But if they had, it would have been without example, to direct a consolidation against the consent of the defendant. Upon the whole, although I should be glad to support these proceedings, yet, conceiving that it cannot be done without setting a dangerous and unwarrantable precedent, I am of opinion that the judgment should be reversed.

GIBSON J. concurred.

DUNCAN J. On the inspection of this record, it presents this case to the consideration of the Court. Summons in debt on promissory *note*, not exceeding 250 dollars. Compulsory arbitration : awarding that defendant has to pay his three notes, amounting to 550 dollars, with interest. The reference under this system can only be of the matters in variance *in the cause. It* was so entered here. It must follow the demand in the original writ, where that demand is stated. It is then a demand in debt on promissory note, not exceeding 250 dollars. It seems difficult to suggest any principle on which a report of 550 dollars on three notes can be supported.

But the award would be vicious on other ground ; " *his* " *three notes.*" What three notes ? This is altogether uncertain, and there is nothing in the report, nor in the record, which can render it *certain.* Whatever latitude may be given to the domestic tribunals, they certainly are not absolved from all rules of law, evidence and form. The legislature never intended they should be. The party cannot be compelled to have all the matters in variance between him and his adversary, decided by this tribunal. The legislature restrained the power, and wisely restrained it, to the subject matter of the suit. Beyond this, all is excess of power in the arbitrators, and void.

But is there not error in awarding the interest on the three notes ? What interest ? What notes ? When to commence ?

If it was interest on the promissory note on which suit was brought, then it would be matter of computation. But here are two other notes, without reference to any matter by which it could be ascertained what these notes were. I own I cannot see how this can be got over. It would introduce great confusion, disorder, and uncertainty. What notes, or interest, who is to decide? By what evidence? The Court of Common Pleas cannot be resorted to. The cause cannot come before them unless on appeal, or motion to set aside the award, as void on its face.

They cannot go out of the record; they cannot call the arbitrators before them, examine them, and ascertain what notes were intended. In *Young* v. *Reuben*, 1 *Dall.* 119, a report that *l.*75 was due on 3d *March* last, with interest, when the time mentioned was several months before the meeting of the referees was set aside for uncertainty.

But on a process in debt, on promissory note, not exceeding 250 dollars, judgment on three notes, for 550 dollars, cannot be rendered; nor can the costs of other suits, on which the arbitrators have not decided, be covered under such award. But if the whole record of the three suits were now before this Court, and returned on this writ of error, the arbitrators could not consolidate. Their power could not be greater than that of the Common Pleas. A plaintiff may join several causes of action of the same nature, in one suit, but if he makes his election by bringing separate actions, putting the defendants to the costs of these suits, he cannot make another election, and consolidate them. It can only be done on the motion of the defendant, *Tidd's Prac.* 197. He may have good reason for not doing it. He may doubt of his defence in one case, and be assured of it in another. He, by consolidation, exposes himself to the costs which have accrued previous to the consolidation, although the arbitrators, or jury, might only find for plaintiff in one of the causes of action, as here on one note. These actions were severally referred. To consolidate is a serious injury to the party. In one suit he might be able to pay the costs, to enable him to appeal. On all he could not. He might find bail to the amount of one note, but not to the amount of three notes. He might find bail for 250 dollars, when he could not for 750 dollars.

The opinion of President Shippen, in the case referred to by the counsel for the plaintiff in error, received the sanction of the Supreme Court, in *Hart et al* v. *James*, 1 *Dall.* 355.

These two actions between the same parties on different promissory notes being referred, the referees made a report of one sum, but afterwards filed a supplementary report, distinguishing what was due in each action ; and it was held that the first report could not be maintained, and that the second was irregular.

The statutes of *jeofails* and amendments, have no relation to these proceedings. What is there to amend ? What to amend by ? It would be alteration, and not amendment. The arbitrators could not do this. The Court of Common Pleas could not. This Court can neither amend, nor overlook the error.

The judgment must be reversed.

Judgment reversed.