Tilghman C. J.
, _, , The trial or this cause, m the Court low, was upon a feigned issue directed by the Register’s Court of Cumberland county, to try the validity of a writing, purporting to be the testament and last will of Patrick Wallace, deceased. 7
b Two exceptions were taken to the opinion of the Court,
1. The defendants offered to prove, that Ann Wallace, one of the devisees in the supposed will, had declared, that the testator, at the time of executing that writing, was incapable of making a will. This evidence was objected to by the counsel for the plaintiff, and rejected by the Court. 1 °
. _ , ,. This question is not new. It came before the Court at Lancaster, in the case of Miller, v. Miller,(a) where it was decided, that the declarations of a devisee under similar cir *500 cumstances, were not evidence. The reasons for this opinion will be found in the case referred to, and therefore need not .be repeated now.
2. The deposition of Sarah Longwell was offered in evidence on the part of Bovard and wife, the defendants in the issue. This deposition was taken under a rule of Court, the trial, before Isaac Todd, a justice of the peace, in presence of Thomas Wallace, the plaintiff, and Charles Bovard, the defendant. It appears, that the deposition of the same witness, had been taken before, and was lost. Bovard put into the hands of Todd, a paper, which he said was a copy of the last deposition, and this paper was copied into the present deposition, after which, questions were put to the witness both by Bovard and Wallace; the answers to which were taken by Todd,, and inserted in the present deposition. The counsel for the plaintiff objected to the whole of this deposition, except the answers to the questions put by Wallace; and the Court decided in favour of the objection.
As to that part of the present deposition, which was nothing but a copy of the one which was lost, it was right to strike it out, because there was reason to suppose, from the evidence of Mr. Todd, that the witness did not pretend to recollect all the matters set forth in her former deposition. She ought to have been examined over again, and her answers taken according to her present recollection, although she might have been permitted, with the consent of the parties, to have the first deposition read to her, for the purpose of refreshing her memory. But as to the answers given to the questions put to her, at the time of taking the present deposition, I cannot perceive why they should not be good evidence. The Court below permitted the answers to Wallace’s questions to be read, but struck out the answers to Bovard’s questions. For this, I am at a loss to find a reason, and it seems so extraordinary, that I cannot help conjecturing, that when it was decided, that every thing but the answers to Wallace’s questions should be struck out, the Court did not advert to the answers which had been given to the questions put by Bovard. Those questions were lawful, and what weight the answers might have had with the jury, it is not for us to say. They ought to have gone to the jury, and the not suffering of them to go, was error. I am, therefore, of opinion, that the judgment should be reversed, and a venire facias de novo awarded.
*501 Duncan J.
gave no opinion, having been counsel for the plaintiffs in error.
Judgment reversed, and a venire facids de novo awarded.

 Serg. & Rawle, 269,