The opinion of the Court was delivered by
Gibson J.
Samuel Vanswearingen and the plaintiffs below were children and co-heirs of Thomas Vanswearingen, who died in possession and intestate. The record, therefore, presents the case of a tenant in common, but not a party in the cause, called by the defendant to testify against the plaintiffs, his co-tenants ; and I think it quite clear, that no interest which he may be supposed to have had, could protect him from giving evidence. He was not a party on the record, and if his evidence had even gone to prejudice his in *195 terest in another action, he ought to have been compelled to' testify. But I cannot see that he had, in fact, any interest in the event of the action then trying. The estates of tenants in common are several j and, consequently, each recovers his own purpart. In ejectment, it is true, the right of possession is the essential matter, and the possession of one tenant in common is also the possession of the other ; but that is true only where one of them is in the exclusive possession ; for as the right of possession depends on the title, which is several, a recovery by one will restore him only to a moiety of the possession against the disseisor, who will hold the other moiety with him in common. ' It would, I grant, be different with joint tenants,' who, haying a joint estate, can recover only jointly ; but tenants in common, whether they sue jointly or severally, lay several demises, and recover separately, each for himself, the recovery of one being in no case, the recovery of the other ; although an entry by one •will, to avoid the Statute of Limitations, enure to" the benefit of all. I do not see, therefore,’ how the verdict in this suit could be evidence against Samuel in an action to recover his share of his father’s estate ; and being a legal witness himself, it is clear his declarations were not evidence ; the Court therefore erred, in not compelling him to be. sworn, but were right in rejecting his declarations. '
The question whether the lands of a deceased person can be sold on a judgment against an executor de son tort, is new in this State, and with the exception of Mitchel v. Lunt, 4 Mass. Rep. 654, determined by the Supreme Court of Massachusetts, I believe it has not been decided in any case elsewhere. But, independent of the respect so justly due tp the opinions of that Court, I am convinced, that upon principle the judgment in that case was right. Although, by our laws, lands are assets for the payment of debts, the executor' has no direct authority or control over them ; nor can.he bring them into á course of administration, except when the personal estate is insufficient; and, even then, only through an order of the Orphans’ Court. He can, it is true, confess a judgment on which they may be sold ; but his power in this respect is collateral^ and', merely incidental to his .character as the personal representative of the testator, against whom all suits for contracts made, or duties owing must, by our *196 practice, be brought. The difference of power, as respects the assets, between a rightful executor, and. an executor of his own wrong, seems mainly to depend on the difference between the principles on which each is respectively answerable to the creditors. The first is liable generally, in consequence of representing the person of the deceased, und -r authority delegated in the will, or in letters testamentary, or of administration granted by the ordinary ; and being therefore liable to the extent of the assets, his authority necessarily extends to every part of them : the second is liable only in consequence of having intermeddled with the goods, and, from the nature of things, only to the extent of inter-meddling. Wherefore, then, should he have authority over what he does not, and cannot, intermeddle with ? The law is clear that he is executor of no more than what is in his possession. ■ He cannot bring an action to recover the assets ; and, although he may receive debts, he cannot release them ; and it he does, the release is void even against himself, in case he afterwards obtains letters of administration. Viner, Executors D. a. placita 2, 3. Ib. (E. a 2) pi. 2. .Neither can he be executor of a term in reversion, tor no entry could be made by the lawful executor. Ib. (C. a. 2) pi. 1. As to the goods he has actually intermeddled with, the law is indisputable that he may, by lawful acts, such as paying debts in their proper degree, change the property even as against the rightful executor, who will have an action only against the wrongful executor for obtruding himself into the office of executor ; but in which he will recover only nominal damages for lawful acts, and substantial damages for what has Been misapplied: as if the executor de son tort, has committed waste of a term in possession, the reversioner may recover it from him, and the rightful executor will recover damages ; but he shall not have the land again. Finer. ('Executor D. a.) pi. 7. Thus we see the executor of his own wrong must always necessarily be a trespasser against the rightful executor—a trespasser on the inheritance is answerable only to the heir. Then, as an executor de son tort can be so only as to such goods as he has capacity to meddle with, and such as would be legitimately subject to his controul if he were rightful executor, and as the office of executor has no relation to the freehold, it follows that no one *197 can be executor of his own wrong as to land; at least for any thing beyond a term for years. There is no occasion to subject lands to sale on a judgment against a man who has no interest in seeing to the fairness of the claim, and thus to cast on the heirs the necessity of shewing that the recovery was collusive ; for, sooner or later, there- is, in every instance, a legal representative to answer demands against the estate of the decedent. The Court therefore were right in directing the jury that the sale was .void ; but on the first assignment of error the judgment must be reversed, and a venire facias dc novo awarded.
Judgment reversed, and a venire facias de novo awarded.