The opinion of the court was delivered by
TilchmaN, C. J.
The argument, which has been urged against admitting the probate in evidence, is, that the party who calls a witness, shall not be permitted to discredit him, on finding that his testimony is against him. To a certain extent, this is true,™ but the rule admits of exceptions. The party who calls a witness, shall not be permitted to impeach his general character, because that must be supposed to have been known before he was called; and it is very unfair to call a man of bad character, with a view to avail yourself of his evidence, if it proves favourable, at the same time that you have the means of discrediting him, if it turns out unfavourable. Such conduct is a fraud on the administration of justice, and therefore not to be tolerated. But did the plaintiffs attempt to act such a part? In the first place, it may be remarked, that Joseph Rice could hardly be called the plaintiffs’ witness. They did not call him voluntarily — but, being one of the subscribing witnesses, the plaintiffs were forced to call him. But even if he had been strictly the plaintiffs’ witness, there was no attempt to impeach his general character, but only to show that he had contradicted himself, and thereby to lessen the force of what he had sworn in court. There is no rule of law against this, — and hard indeed would be the case of one who calls a witness, expecting that he would swear the truth, if, upon finding himself deceived, he may not shorv that the witness had told a different story at another *284 time. This is not the case of calling a witness known to be of bad character. On the contrary, this witness was supposed to be of good character, but his testimony was a surprise on the plaintiffs; and, even then, the plaintiffs did not offer to prove him of general bad character, but only that he had contradicted himself. This, undoubtedly, they had a right to do, and therefore this probate ought to have been admitted in evidence.
There were some other exceptions, not necessary to decide, as to the admission of the writing purporting to be the will, to be read in evidence to the jury. It is proper, however, to say, that as the issue was for the express purpose of frying, whether that writing was or was not the will of John II. ^Reynolds, it should have been read to the jury of course, in order to inform them what it was they were to try; but there would have been an absurdity in offering it as evidence, because it could not be evidence of its own validity. When this cause comes to trial again, therefore, the writing set up as the will, should be read to the jury merely for the purpose of letting them understand what it is they are ■ to try. It is the opinion of the court, that the judgment should be reversed, and a venire de novo awarded.
Judgment reversed, and a venire facias de novo awarded.