The opinion of the court was delivered by '
Gibson, C. J.
On a caveat against admitting a will to probate, the proceedings are not strictly between parties, because the decree is conclusive on all the world. But, even were this not so, yet the plaintiff has, by entering an appeal, acknowledged himself to have stood in the relation of a party from the beginning;-, for it is difficult to conceive of the allowance of an appeal on any other condition. The caveat entered by the mother, inured, to the benefit of herself and every other party in interest, and the plaintiff would have been concluded by the decision of it, had not an appeal, on coming of age, been provided for him by the legislature. He was, therefore, either not a stranger to the proceedings, or else estopped from alleging it; and he, consequently, stands on no better ground than his mother would have done as a party to the same issue. This removes the only appearance of difficulty which is found in any part of the'case. Even proof by a b’y-stander of what' a deceased witness has testified in a cause between the same parties, is competent. But by the act of the 13th of April, 1791, the evidence of witnesses in the Register’s Court is to be taken in writing and made part of the proceedings. And wherefore ? Doubtless that it may be perpetuated. The legislature Certainly did not *144 intend to give an appeal with the benefit of excluding the testimony of every witness who should die in the meantime. We have, then, the common case of,a,deposition regularly taken in the cause, and admitted in evidence after the happening of the contingency fqr which it was designed to provide: in other words, the very case which the legislature had in view.
Judgment affirmed.