The opinion of the court was delivered by
Gibson, C. J.
Evidence of what Mr. Mountain testified -in an •action between other parlies, was incompetent in the action trying; and the testimony of Hays, therefore, w,as properly overruled..
The letter’of Adamson Tanyhill, purporting-to be in a-iswer to one alleged to have been wriiten by' the testator, was not competent evidence of the contents of the supposed letter, or of its having in fact ever existed; and this, though' there were proof that thfe testator had written a letter to some one about the particular time. It is a fundamental rule, that evidence shall be given under the *452 sanction of an oath; to which no other exceptions, are at present recollected, than the instances of character, boundary, and pedigree, in which hear-say is admissible; and the declarations of deceased persons in prejudice of their interest. As to. the facts asserted in it, the letter of Mr. Tanyhill is precisely on a'footing with declarations by a deceased person; and as the declarations which it contains/were not in,the nature of an admission to charge him, there is no room to say they are competent evidence to charge another.
The part'of the charge in which error is alleged, is in substance this: “If,there is proof that the will was directed to be written, ■not by the testator, but by another,-and that other not only directed the will to be written, but directed its different bequests; and if to all-this, that will gives to the person who directed it, much more than a child’s part; if it was- executed, too, not in the testator’s house, but that of tlie devisee; if to all this, other dispositions made by the testator himself," when undoubtedly sound in body and mind, are produced, and these made á very different -disposition of his property, reason and law equally require that the jury should have proof that it is the will of the testator, not a will made for him by another.” In this conclusion of the judge, there certainly was no misdirection in point of law; and we are satisfied, that the facts thus'stated hypothetically, were such-as the jury might adopt without any forced or unnatural construction .of the evidence; and, the inference from -the whole would have ¿risen, even though no such facts had been proved.
The receipts and.'accounts mentioned in the fourth-exception, ought undoubtedly to -havé gone out with the jury. But by the English.practice,-an error in.this particular,is not a ground for setting aside the verdict; and this practice appears to have been quoted with approbation in Alexander Jameson, (5 Binn. 238,) by the judges of this court. In motions for new tri.als, the courts here have been less regardless of technical errors than the English judges. A sight of these papers in the box, must have been amply sufficient to satisfy the jury of the .quantum, of capacity shown by them to have been in the person who-wrote them. Had they been adduced as evidence of indebtedness in a matter determinable by calculation, the exception would have had -more force; but as substantial justice seems to have been done, this unimportant error must not prevail.
Judgment affirmed.