[CHAMBERSBURG, NOVEMBER 1, 1828.]

## SHOLLY *against* DILLER.

### IN ERROR.

The probate of a paper, purporting to be a will, before the register, endorsed thereon, may be read in evidence on the trial of an issue of *devisavit vel non,* directed thereon by the Register's Court.

ERROR to the Court of Common Pleas of *Cumberland* county.

This was a feigned issue of *devisavit vel non,* to try the validity of a paper writing, purporting to be the last will and testament of *Ludwick Bucher,* deceased. The plaintiff in error was defendant below.

The plaintiff offered in evidence the paper writing, purporting to be the will of the said *Ludwick Bucher,* deceased, with the probate endorsed, taken by the register, and upon which letters had issued before the appeal to the Register's Court. This was objected to by the defendant's counsel, on the ground,

"1. That this was a feigned issue, and any evidence before the register was *ex parte,* and could not authorize the paper to be read.

" 2. That the subscribing witnesses must be called.

" 3. That the issue was directed as to the validity of the will, and was not collateral."

The objection was overruled, the testimony admitted, and exception taken by the defendant.

The paper and probate were then read, and the defendant's wit-

(Sholly *v.* Diller.)

nesses were afterwards called and examined, and then the plaintiff examined the witnesses to the will.

The plaintiff then requested that the probate might go out with the paper writing to the jury. This was objected to by the defendant, but allowed by the court; to which the defendant's counsel excepted. The jury found a verdict for the plaintiff below.

The errors now assigned, were the matters contained in the two bills of exceptions.

*Carothers,* for the plaintiff in error.—The witnesses were in court; these were *ex parte* depositions, and there was nothing to take them out of the general rule. 12 *Serg. & Rawle,* 281, is directly in point. At all events, the depositions ought not to have gone out. 5 *Binn.* 240, 241.

*Metzger* and *Alexander, contra.*—Even if the depositions were improper, the error is cured by afterwards calling the witnesses themselves. The depositions are proper to corroborate the parol evidence of the same witnesses.

The opinion of the court (Rogers, J. dissenting,) was delivered by

Gibson, C. J.—Wills are proved here, neither in common form, by the oath of the executor, nor in solemn form, *per testes,* on notice to the parties; but in an intermediate manner, by witnesses without notice to any one. Proof in solemn form is seldom made, even in *England,* unless at the instance of a party opposed to the will, and I feel confident there never has been an instance of it in *Pennsylvania.* Where the will is contested, which is done by a *caveat,* and no issue is directed, the matter is determined by the Register's Court, the depositions being made part of the proceedings. Where there is no dispute before the register, the depositions are endorsed on the will, which is then taken to be proved without any formal sentence, the endorsement of the proof being called the probate. In the case at bar, probate was thus made; and on the trial of an issue from the Register's Court, the will, with the probate endorsed, was permitted to go to the jury, the witnesses themselves being subsequently examined. The objection is to the probate, which is alleged to be not only a deposition, which cannot be admitted where the witness may be had, but a deposition *ex parte.* It is, however, not an ordinary deposition, but proof taken in the cause, and in the course of a judicial proceeding, of which, it was held, in *Ottinger* v. *Ottinger,* 17 *Serg. & Rawle,* 142, all parties in interest are bound to take notice. All then, that is necessary to secure those parties from the possibility of injury, is to give them an opportunity to cross-examine the witnesses at the trial. Even the want of this, would not be an objection if the witnesses were dead, as was determined in the case just cited. I perceive no difference in this respect, between the probate of a will, and the probate of a deed, under the recording acts. It is true, the latter is necessarily offered only in

(Sholly *v.* Diller.)

a collateral proceeding, and here the probate was offered on appeal from the probate itself. But it by no means follows, because the proceeding on appeal is *de novo*, that so must be the proof of every contested fact. On appeals to this court, we have invariably received depositions taken below; and I see no reason for a different practice in respect to an appeal from the register. Had the Register's Court decided the matter, it would, undoubtedly, have received the proof taken by the register, subject to explanation, by a further examination; and if so, I cannot imagine a reason for a different rule of proof before a tribunal to which that court had referred the determination of the facts. It is supposed, that the point before us was decided in *Cowden* v. *Reynolds*, 12 *Serg. & Rawle*, 281. There, the plaintiff offered the will to the jury with the probate endorsed; and the court would not suffer the will to be read *without proof of execution*. Now, in relation to this, the Chief Justice said, that the plaintiff was entitled to lay the will before the jury, without any evidence of execution; not, indeed, as proof of its own validity, but to let them know what they were to try. In other words, that the court should not arrogate to itself the very fact which the jury was empannelled to determine. He did not put the matter on any supposed effect of the probate as proof of execution, but decided, that the will might be read in the absence of all proof; consequently, the decision of the present point was unnecessary. There is not one word said as to the competency of the probate. In the case of deeds, mistakes similar to that in *Cowden* v. *Reynolds*, had been made on the issue of *non est factum*, for want of discriminating between evidence to the court, preliminary to introducing the instrument collaterally, and evidence to the jury of the very fact in issue; and in those cases, we held, in the same way, that the deed ought to go to the jury, without proof in the first instance.

I know of no question more unimportant in its consequences than this. If the witness persist in proving the fact, the force of his evidence cannot be increased by his evidence before the register; and should he retract, he will do so with a certainty, that that evidence will then be introduced to impeach him. It is, therefore, of little consequence, when the probate is read; or, where the witness is consistent, whether it be read at all.

If, then, the probate were properly admitted to the jury, it seems to be such a document as they might take out with them. But were that otherwise, it is not a ground to disturb the verdict, as was intimated in *Alexander* v. *Jameson*, 5 *Binn.* 238, and directly decided in *M'Cully* v. *Barr*, 17 *Serg. & Rawle*, 445, at the last term at *Pittsburg.*

Judgment affirmed.