## Spence *against* Spence.

On the trial of an issue of *devisavit vel non*, it is not competent to prove that the testator had a dislike to one of the subscribing witnesses to the will, when such fact does not appear to be relevant. Nor is it competent to ask a subscribing witness whether he would have attested the will had he known the dispositions contained in it, as evidence of fraud or imbecility.

An unexecuted agreement of compromise by the parties to an issue, is not evidence on the trial.

The refusal of a trial court to permit depositions taken before the register to prove a will, to be sent out with the jury, is discretionary, and therefore not the subject of a writ of error.

WRIT of error to the common pleas of *Lancaster* county.

Rosanna Spence against Jacob Spence and others. Issue of *devisavit vel non* on a writing purporting to be the will of John Spence deceased. One of the subscribing witnesses to the will having been examined, detailed the circumstances under which the will had been altered by him at the instance of the testator, after it had been written, and its execution. The defendant proposed to prove that the testator had a dislike to the said witness. The evidence was objected to and rejected. The defendant also proposed to ask another subscribing witness, " If you had known that Rosanna Spence was to get the whole of the personal estate absolutely, and the whole of the real estate for her life, would you have signed this will?" The question was objected to and rejected.

The defendants then offered to prove by John Beam, who was present, that this suit and controversy about the will, was settled by the parties, with the assistance of their counsel and friends, and that the will was agreed to be set aside; Jacob Spence, one of the defendants, in consideration thereof giving up his claim for two years' services.

This offer being objected to by plaintiff, the court delivered the following opinion:

" The last case on the subject of declarations by a devisee, where there are other persons as legatees, not parties, is Dietrich *v.* Dietrich, 1 *Penns. Rep.* 306, where the court being equally divided, the judgment was affirmed, and would authorize the court to admit in evidence the declarations of a party as to the state of mind of the alleged testator; or perhaps, as to the fact of imposition, or confederacy: but the evidence offered is merely that the parties met, settled the controversy, and agreed that the will should be set aside. And I cannot think that I should be borne out by the authority of that case, in going so far as to admit acts of the kind, and without evidence of

what was said or declared by the parties, as to his state of mind, or any act of imposition."

The testimony being closed, and the court having charged the jury, the defendants offered : "The examination of the witnesses, Margaret Snodgrass and James Kelly, in the register's court, having been read in evidence to the jury by defendants; to contradict those witnesses, defendants' counsel offer to send that examination out with the jury." Which being objected to by plaintiff's counsel, the court refused to send out the examination. To which opinion of the court defendant excepted.

*Rogers* and *Parke,* for plaintiffs in error, on the subject of the first exception, cited, Lightner *v.* Wike, 4 *Serg. & Rawle* 203 : on the second, cited 2 *Paige's Rep.* 147 : as to the admission in evidence of the agreement of compromise, Slocum *v.* Perkins, 3 *Serg. & Rawle* 297 ; *Norris's Peake* 43 ; 2 *Stark.* 38 : and as to the last exception, 1 *Phil. Ev.* 230.

*Reigart* and *Champneys,* for defendant in error.

The opinion of the Court was delivered by

GIBSON, C. J.—The first, third, fourth, fifth, sixth and seventh exceptions are to the rejection of evidence to show that the testator disliked one of the subscribing witnesses. The relevancy of the fact is not perceived. The witness had pretended to no intimacy with the testator ; but had testified that, happening to be on the spot, he was requested by him, in the urgency of his approaching dissolution, to correct certain blunders of the scrivener in respect to names; and that his corrections were supervised by the testator, who re-examined the paper before he signed it. Such an agency is consistent with want of confidence in the agent ; and as the evidence neither contradicted the witness nor indicated the supposed confederacy, it was properly excluded.

The second exception is to the suppression of a question put to another subscribing witness, whether he would have attested the will had he known the dispositions contained in it. The provisions of a will may undoubtedly be spread before a jury as intrinsic evidence of fraud or imbecility : but the conclusion from them is to be drawn by the jurors, and from the provisions themselves ; not from opinions of their wholesomeness expressed or insinuated by others. Besides, a person entertaining unequal predilections for the parties might refuse his agency in the attestation of a disposition adverse to his friends, for other reasons than the imbecility of the testator.

The eighth exception is to the rejection of an agreement of compromise entered into by the parties to the issue, but not executed by them. By the terms of it, the will was to be set aside, and one of the defendants claiming adversely to it was to relinquish a demand on the estate for services rendered in the testator's lifetime. The

[Spence v. Spence.]

point would not, as supposed, depend on the judgment of Dietrich *v.* Dietrich, 1 *Penns. Rep.* 306, even if it were a precedent in another cause, which it is not, having been given not only by a divided court, but in broad contradiction of a unanimous decision by the same court, of the same point, and in the same cause, which has not been reported in its place because it was for a time mislaid.(*a*) But whatever doubt may have been entertained as to the competency of admissions by a legatee or devisee, not a party to the issue, it has been invariably supposed that admissions by a party of record as well as in interest, are as competent as those of a party in any other suit; and here the concession inferable from the alleged compromise, would be that of parties to the issue. Can, however, a compromise agreed

(*a*) Dietrich *against* Dietrich.

Court. TILGHMAN, C. J.; GIBSON and DUNCAN, Justices.

The opinion of the Court was delivered by

GIBSON, J.—In the trial of this issue, the defendants offered in evidence certain declarations of Adam Dietrich, a grandson of the testator, and one of the principal devisees, tending to show not only that the intellects of the testator had sunk into a low degree of imbecility, but that he was under the absolute control of his son Henry, who, it is alleged, unfairly procured the will to be made; and these declarations were admitted as competent evidence to impeach the will. Such evidence was, however, held to be incompetent in Bovard *v.* Wallace, 4 *Serg. & Rawle* 499, for reasons which it was supposed had been expressed in Miller *v.* Miller, 3 *Serg. & Rawle* 266; but on recurring to that case, it is found to have been decided on other grounds. The misapprehension of the exact point there decided, arose out of the circumstance that the third volume of Sergeant & Rawle's Reports was not then published. On principle, however, there is little difficulty in showing that Bovard *v.* Wallace was well decided. Where several have exactly the same interest in the subject matter, or what is the same thing, a *joint* interest in the decision, the admission of one is evidence against all *who are parties with him to the suit;* but in no case have such admissions been received against those who are not parties, except in the case of *partners,* who, as respects their partnership interest, are looked upon in law as one person. 1 *Phil. Ev.* 75. And even this rule is not applicable to actions of trespass, or to criminal prosecutions. Then what is the interest of a legatee or devisee in an issue of *devisavit vel non?* It is clearly not the interest of a party on the record; and this alone would be enough to exclude his admissions as well against one who is such a party, as against one who is not, but who may be affected by the verdict. But legatees or devisees have not even a joint interest; unless, indeed, where there is a joint bequest or devise to two or more, and then these have a joint interest as between themselves, but not as between them and the others. Their title arises out of the same instrument, but they do not claim the same interests; and they have therefore an interest *in common,* and that too, only in establishing the will; for their respective interests may be, and usually are, different in their nature and unequal in their extent. We therefore at once feel the justice of the rule which protects a legatee who has thousands involved in the question from being prejudiced by the admissions of one who has but a shilling. But the interest of a devisee of land (as was the case here) is still more remote. Probate of a will is conclusive as to the personalty, but only *prima facie* as to the realty. Now it would be doubly unjust were a devisee permitted by his declarations to conclude the legatees as to their legacies, without, at the same time, concluding himself as to his devise. In Nass *v.* Vanswearingen, 7 *Serg. & Rawle* 196, it was determined by this court that the admissions of a tenant in common, who was not a party to the suit, could not be given in evidence against his cotenant; which is entirely analogous to the case under consideration. In Pennsylvania, therefore, this question must be considered as at rest.

DUNCAN, J., took no part, having once been counsel.

[Spence v. Spence.]

upon but rescinded, be introduced to the prejudice of a party to it? A compromise offered but rejected or retracted, certainly cannot; and the policy of permitting suitors to buy *their peace*, must equally protect them from prejudice by an agreement to compromise rescinded by common consent. Such an agreement is executory; and the negotiation having failed, no matter how, to produce the expected result, leaves the parties exactly where it found them. On the ground, then, that the compromise was abandoned, the exclusion of the evidence was entirely proper.

The ninth, tenth and eleventh exceptions are abandoned; and the twelfth has been but faintly pressed. Ordinarily, depositions are not sent out with the jury, because the testimony of witnesses examined at the bar cannot be sent; and to put the testimony of those examined previously on any other footing, would give it an unfair advantage. Such are the reasons given for it in Alexander v. Jamieson, 5 *Binn.* 238, and M'Cully v. Barr, 17 *Serg. & Rawle* 445. But according to Sholly *v.* Diller, 2 *Rawle* 177, depositions taken before the register, standing not upon the ordinary footing, as said in Ottinger v. Ottinger, 17 *Serg. & Rawle* 142, *may* be sent out as a part of the proceedings; but the refusal of leave to do so, has been held, in several instances, to be no reason for a new trial; and why should it be the subject of error? "If the jury," says lord Coke, "carry away any writing unsealed which was given in evidence in open court, this shall not avoid their verdict, albeit they should not have carried it with them." 1 *Inst.* 227, *b*. In Alexander v. Jamieson the question was not considered in this aspect, the judges affirming the judgment of the common pleas because the permission to take out the papers was right, without determining whether it would have been ground of reversal had it been wrong; but they may have done so to settle the principle, which contained an interesting point of practice. On the other hand, it might seem that Lord Coke had in view the case of papers handed to the jury without the knowledge of the court. But it is the fact that the evidence was in the jury room, and not the means by which it came there, that can affect the event or be material to the question; and if the judge who tried the cause ought not to disturb the verdict for it when happening by inadvertence, neither ought a court of error to disturb it when happening with his assent. It would seem to be one of those matters that are dependent on the discretion of the trial court, and therefore not a subject for a writ of error.

Judgment affirmed.