## Swamscot Machine Company *v.* Walker.

A party cannot directly impeach his own witness. But this rule does not preclude him from proving the truth of material facts by any other competent evidence, even though it contradict, and tend indirectly to discredit the witness.

Where it is apparent from the case, that the evidence excepted to is merely

Swamscot Machine Company *v.* Walker.

introductory to the main matter in controversy, the exception cannot prevail. A verdict will not be set aside on account of the admission of introductory or immaterial evidence.

If the assignee of an insolvent, with the view to protect the interests of the assignor, or his creditors, appears, by leave of the Court, to defend an action in the name of the defendant, he is neither a privy nor party to the suit, in the legal acceptation of those terms; and, unless security for costs be furnished as a condition of his appearance, so as to make him liable for costs, he is not legally interested in the result.

Where A, the assignee of B and C, by leave of the Court, appear to defend an action against D, and afterwards, before the trial, withdrew his appearance, by leave of the Court, without any security for costs having been required or furnished, *held*, — that he had no legal interest in the result of the suit, and was a competent witness for the defendant.

Evidence not pertinent to the issue is inadmissible; and where the defence to the action was, that W. and T. contracted for the articles sued for, and not the defendant, — *held*, that the plaintiffs could not, for the purpose of showing that they would not trust W. and T., be permitted to show that they had refused to take the note of W. and T. for other similar articles furnished for one J., a third person, not party to the suit.

ASSUMPSIT, on an account annexed to the writ. The items in dispute were as follows:

1848, June 16.   To 6365 lbs. of flue boiler, at 8 cts.,   $507.60
      June 24.   To 991¼ lbs. boiler front at 3½ cts.,        34.71
                 To fittings for boiler,                      15.00
                                                            ———————
                                                            $557.31

The principal controversy related to the question, whether the contract for making the boiler was made with the plaintiffs by Walker, the defendant, or by Wing and Thompson, machinists. It was contended by the defendant, that the contract was made by Wing and Thompson, who had contracted to build for him a steam engine of certain dimensions, and to furnish a boiler for it.

The defendant introduced the deposition of Loring Wing, one of the partners of the firm of Wing and Thompson. In answer to the sixth interrogatory, he said: "I contracted for two boilers; one, for an engine, we built for Jeremiah Johnson, the other was for Gideon W. Walker." The seventh interrogatory was:

" In whose name or names did you contract for said boilers ? " Answer: " I contracted for them in the name of Wing and Thompson. I had no authority to contract for them in any other." This answer was objected to, but was admitted, sub- ject to the plaintiff's exception.

The defendant introduced as a witness, William H. Thompson, the other partner of the firm of Wing and Thompson, and proposed to inquire of him relative to the contract for building the boiler. The plaintiffs objected, that the contract was in writing, and should be produced ; and to show that such was the fact, offered in evidence, the answer to the fifth interrogatory in the depo- sition of said Wing. This answer, upon the plaintiffs' objection, had not been read, but the objection was now withdrawn. The defendant in reply, proposed to show by Thompson, that Wing was in error, and that the contract was not in writing. To this the plaintiffs objected, but the evidence was admitted subject to exception.

Thompson, in introducing his account of the contract made by Wing and Thompson with Walker, said that Walker came to their shop with a memorandum-book, on which he had set down what he wanted, and among which was a boiler. The plaintiffs interposed, and called for the production of the memorandum- book, which they contended should be produced, inasmuch as it contained an account of the articles which he wanted. The book was not produced, and the plaintiffs took exception on that account.

Joseph D. Pillow was offered as a witness by the defendant. Being examined as to his interest, it appeared that he was the assignee of Wing and Thompson, and that, at a previous term, he had been admitted to defend this action, and had, at the present term, by leave of the Court, withdrawn his appearance. The plaintiffs contended, that, having made himself a party to the action, he would be bound by the judgment, and was, therefore, incompetent. But the Court held the witness admissible, and the plaintiffs excepted.

To show that the plaintiffs were unwilling to trust Wing and Thompson, the plaintiffs proposed to prove that they made a

boiler to be used with an engine, which Wing and Thompson were building for Johnson; that a person, now a witness, was sent to obtain Johnson's note; that Johnson being absent, Wing and Thompson agreed to send up his note, but sent up their own note instead of it; that the note was refused, and sent back, and their agent was directed to get Johnson's note, or commence a suit; and that Johnson's note was then furnished. This evidence was objected to, and held inadmissible, and the plaintiffs excepted to the ruling.

The jury returned a verdict for the defendant, which the plaintiffs moved to set aside and for a new trial, on account of said exceptions. And the questions arising upon the case, were transferred to this Court for determination.

*Stickney* and *Tuck*, for the plaintiffs. Our position is:

1. That Pillow, the assignee of Wing and Thompson, having had notice of the suit, and undertaken its defence, is a privy in law to the same, and bound by the judgment that may be rendered in it. If the plaintiffs prevail, Pillow will be estopped from setting up any claim against Walker on the pretence that Walker was ever indebted to Wing and Thompson for the boiler. On the contrary, if the plaintiffs fail in this suit, Walker will be estopped from denying that he had the boiler of Wing and Thompson, and, of course, will be bound to pay the assignees for the same. Pillow thus has a direct interest in the result, and should have been excluded as a witness.

A verdict or judgment in a former action upon the same matter directly in question, is evidence not only for or against the parties to the suit, but for or against privies in blood, privies in estate, and privies in law. But in case the party to be bound by the judgment, was not a party to the suit, it is indispensable that he should have had notice of it, and opportunity to defend. *Burrill* v. *West*, 2 N. H. Rep. 192 ; *Kipp* v. *Brigham*, 7 Johns. 168 ; *Waldo* v. *Long*, 7 Johns. 173 ; *Blasdale* v. *Babcock*, 1 Johns. 517 ; *Hamilton* v. *Cutts*, 4 Mass. Rep. 349 ; 4 Dallas, 436, note.

2. A party cannot be permitted to contradict one of his own

witnesses, whose testimony is of the character of the best evidence, having himself made the contract in question, by calling another of his witnesses whose testimony is of the character of secondary evidence, not having had personal knowledge of the fact in question.

The defence, having introduced Wing, who testified, that he made the contract for the boiler, and that it was in writing, we submit that it was not competent for the defendant to call another of his witnesses, who did not make the contract, to contradict Wing, by swearing that the contract was not in writing.

3. We maintain that Thompson was improperly admitted to testify that Walker had a memorandum-book when he went to the shop of Wing and Thompson to procure certain articles, upon which memorandum were set down what he wanted; and that among them was the boiler. This evidence was material, inasmuch as it tended to make certain the only question in controversy, viz., whether Walker contracted with Wing and Thompson for the boiler, or with the plaintiffs. This evidence was incompetent until the loss of the memorandum had been proved in the ordinary way. *Woods* v. *Gassett,* 11 N. H. Rep. 442.

4. A new trial should be granted, because the plaintiffs were prohibited from contradicting Wing in his testimony respecting the credit of Wing and Thompson with the Swamscot Machine Company. Wing testified that he contracted with the plaintiffs for two boilers, one for an engine they built for Jeremiah Johnson, the other for the defendant. This statement tended to satisfy the jury that Wing and Thompson stood in such good credit with the plaintiffs that they could be trusted not only for one, but for two boilers. The fact was, that Wing and Thompson would not have been trusted on their own account for a dollar, and it was important for them to correct the misstatement of Wing in this particular. We, therefore, proposed to show that the plaintiffs made the boiler for Johnson, and not on the credit of, nor for, Wing and Thompson; also that Wing and Thompson attempted to pass off their own note upon the plaintiffs for that boiler, but that it was rejected and returned, and that Johnson paid for the boiler by sending his own note. It was important

39*

that this evidence should be admitted to contradict Wing, upon a material part of his testimony.

We think also that it was admissible to prove these facts independent of what Wing had stated, in order to show that Wing and Thompson had not credit when they pretended to be regarded as responsible.

*Emery,* (with whom was *Hackett,*) for the defendant.

1. The first point made by the case arises upon the seventh question and answer in Wing's deposition. The question and answer were competent evidence. An agent is a competent witness to prove his own authority if it be by parol. 1 Greenl. Ev. § 416, and cases there cited ; Paley's Agency, 319 ; 2 Phil. Ev. Cowen & Hill's notes, 97, 254. Upon this question all the authorities agree. *A fortiori,* Wing was competent to prove he was not an agent, but acted solely for his firm.

2. It was competent and proper for the defendant to show that the contract was not in writing, although his witness, Wing, had testified that it was. It was competent for him to show, that, in this particular, Wing was mistaken.

It is clear, that a party calling a witness, is not precluded from proving the truth of any particular fact by any other competent testimony, in direct contradiction to what such witness may have testified. 1 Greenl. Ev. § 443 ; 3 Phil. Ev. Cowen & Hill's notes, 780, 781.

3. The statement of Thompson, about the memorandum of the defendant, was only introductory, not offered as evidence in itself, and, therefore, properly admitted. Again, Thompson was offered to prove the contract. The memorandum did not contain the contract or any part of it. On this ground his testimony was admissible. 1 Stark. Ev. (ed. of 1842) 504 ; *Davis* v. *Sanders,* 11 N. H. Rep. 263 ; *Clement* v. *Brooks,* 13 N. H. Rep. 95.

4. Pillow was properly admitted to testify. He is only a trustee ; and, with respect to a trustee who is not a party to the cause, and has no interest in the subject of dispute, except as a trustee, the cases are uniform, that he is admissible. 1 Stark.

Swamscot Machine Company *v.* Walker.

Ev. 168 ; 3 Phil. Ev. Cowen & Hill's notes, 1550 ; Willis on Trustees, 227 ; 1 Greenl. Ev. § 409.

The true test of the interest of a witness is, that he will either gain or lose by the direct legal operation and effect of the judgment ; or that the record will be legal evidence for or against him in some other action. 1 Greenl. E v§ 390 ; *State* v. *Wilson,* 7 N. H. Rep. 543 ; *Burt* v. *Dimmock,* 11 Pick. 355. Tried by this standard, Pillow had no interest, if his appearance as assignee had not been withdrawn, for he appears merely as trustee ; and if he had been subjected to costs, or was placed in a position so that the record would be evidence against him, his individual rights and interests would not be affected, only his rights as trustee, or the funds in his hands as trustee. Before Pillow testified, however, his appearance in the cause was withdrawn by leave of the Court. The record, therefore, can never bind him, and he had no interest, except as assignee.

5. The evidence offered by the plaintiffs was properly excluded. It was no part of the *res gestæ ;* not connected with the matter in controversy. *Mahurin* v. *Bickford,* 14 N. H. Rep. 211. It was entirely collateral to the issue, and could afford no reasonable inference as to the principal matter in dispute. 1 Greenl. Ev. §§ 51, 52, 448.

EASTMAN, J. This action was brought against Walker, the defendant, to recover the price of a steam-boiler and fittings. There appears to be no controversy in regard to the making and furnishing of the boiler, but the defendant contends, that it was contracted for by Wing and Thompson, who are liable therefor, and not by himself. A verdict having been found for the defendant, the plaintiffs move to set the same aside, for supposed error in several rulings made by the Court below in the progress of the trial.

The first exception taken was to the admission of the seventh interrogatory and answer, contained in the deposition of Loring Wing, one of the firm of Wing and Thompson. This deposition was introduced for the purpose of showing that Wing and Thompson contracted for the boiler, and not the defendant ; and

the answer objected to, tended directly to charge the firm with the price of the boiler. It was, so far, an answer against interest, and no objection occurs to us that can render the answer incompetent. The plaintiffs' counsel, in their argument, appear to have waived this exception.

The next exception raises the question, how far a party may go in contradicting his own witnesses. In the reading of Wing's deposition, the plaintiffs excepted to one of the answers, showing that the contract was in writing, and the answer was not read. Upon the introduction of Thompson, as a witness, and his statement that the contract was not in writing, the plaintiffs interposed and withdrew their objection to Wing's answer, showing it to be in writing, and then took the ground that Thompson could not contradict Wing. This answer of Wing was eventually read at the plaintiffs' request, and it might be suggested that, to that extent, Wing was the witness of the plaintiffs. But we are not inclined to draw any nice distinction of this kind, but to treat Wing as the defendant's witness throughout.

It is well settled, that a party cannot directly impeach his own witness. But this rule does not prevent him from showing that the facts testified to are incorrectly stated by the witness.

In *McArthur* v. *Sears*, 21 Wendell's Rep. 190, *Cowen*, J., says, "Nothing is better settled than that a party may set his own witnesses right by other evidence of a material fact, even though it contradict and tend indirectly to discredit him." Mr. *Greenleaf* lays down the rule thus: "The party calling a witness is not precluded from proving the truth of any particular fact by any other competent testimony, in direct contradiction to what such witness may have testified; and this, not only where it appears that the witness was innocently mistaken, but even where the evidence may collaterally have the effect of showing that he was unworthy of belief." 1 Greenl. Ev. § 443. This doctrine is sustained by numerous authorities. *Lawrence* v. *Barker*, 5 Wendell, 305; *Jackson* v. *Leek*, 12 Wendell, 105; *Cowden* v. *Reynolds*, 12 Serg. & Rawle, 281; *Brown* v. *Bellows*, 4 Pick. 179, 194; *Dennet* v. *Dow*, 5 Shep. Rep. 19; *Perry* v. *Massey*, 1 Bailey's Rep. 32; *Farr* v. *Thompson*, 1

Cheves, 44; *Bradford* v. *Bush*, 10 Alabama Rep. 386; *Wolf* v. *Hanver*, 1 Gill. 84; *Shelton* v. *Hampton*, 6 Iredell's Rep. 216. And the rule applies to statements made in depositions, as well as to oral testimony. *Brown* v. *Osgood*, 25 Maine Rep. 505; *McArthur* v. *Sears*, 21 Wendell, 190.

The English rule is the same as in this country. In *Ewer et al.* v. *Ambrose et al.* 3 Barn. & Cress. 794, *Bailey*, J., says " I have no doubt that if a witness gives evidence contrary to that which the party calling him expects, the party is at liberty afterwards to make out his own case by other witnesses." So also, in the doctrine of *Richardson* v. *Allen*, 2 Stark. Rep. 334; *Bradley* v. *Ricardo*, 8 Bingham, 57; 4 Barn. & Cress. 27; 6 Ryland, 127; 1 Phil. Ev. 309.

The distinction which is attempted to be drawn in the argument between the testimony of Wing and Thompson, that Wing's testimony is in the nature of primary evidence, while that of Thompson is only secondary, does not exist in fact. The contradiction between them, is not as to what the contract was, but whether it was in writing or not, and the testimony of Thompson upon the point was of the same degree as that of Wing. We entertain no doubt that Thompson was rightly admitted, and that the ruling of the Court, in this respect, was correct.

A further exception was taken to the testimony of Thompson, because the memorandum-book, of which he spoke, was not produced. But this exception cannot prevail. Thompson was called for the purpose of proving the contract between his firm and the plaintiffs, and in introducing his account of the transactions between Walker and the firm, proceeded to relate that Walker came to their shop with a memorandum-book, on which he had set down what he wanted, and among the articles was a boiler. This evidence was, evidently, as the case finds, merely introductory to the main matter in controversy; and as such was not exceptionable. It came out incidentally, as evidence of the kind frequently will, even from intelligent and truthful witnesses. As soon as the objection was taken, nothing further was said about the book; nor does it appear to have been relied upon at all as evidence. A verdict will not be set aside on account

of the admission of introductory or immaterial evidence. *Davis* v. *Sanders*, 11 N. H. Rep. 259, 263 ; *Clement* v. *Brooks*, 13 N. H. Rep. 92, 95 ; *Hamblett* v. *Hamblett*, 6 N. H. Rep. 333.

The next exception taken was to the competency of Pillow as a witness for the defendant: Pillow was the assignee of Wing and Thompson, and at a previous term had been admitted to defend the action. At the term at which the case was tried, his appearance was withdrawn by leave of the Court, and he was used as a witness. He was excepted to on the ground that he was a privy, in law, to the suit, and would be bound by the judgment that might be rendered in it. If the plaintiffs were right in this position — if Pillow would be bound by the judgment, or was in any way legally interested in the result of the action, he was incompetent as a witness. But how could he be bound by the judgment ? Or in what way was he interested in the result ?

The plaintiffs brought their suit against Walker, to recover the price of the boiler and fittings, charging him with being indebted to them therefor. Neither Wing and Thompson, nor Pillow, were in any way parties to the suit ; nor were they notified either by the plaintiffs or Walker to appear in the action. But Pillow, supposing that the interests of his assignors might, in some way, be affected by the suit, obtained leave of the Court to appear and defend in the name of Walker. The effect of such an appearance is not to make either Wing and Thompson or Pillow parties to the record, properly speaking. In case of the plaintiffs' recovery, no judgment could be made up against them, nor could any execution issue against them. The Court could require Pillow, on having leave to appear, to give security for any costs that might arise by reason of his interference in the case ; and, upon the plaintiffs' succeeding, they could have their remedy upon the security furnished. Such is the ordinary practice. It is analogous to an appearance for subsequent attaching creditors, and the appearance may be withdrawn at any time by permission of the Court, upon such terms as they may order ; unless a private bond has been given to the opposite party. In this case, Pillow's appearance had been withdrawn, and it is not suggested that any security for costs had been required or given.

Personally, then, he could . have no interest in the result of the suit; neither could he be affected in his representative character, as assignee of Wing and Thompson. The principle involved in this exception was settled in *Holland* v. *Seaver*, 1 Foster's Rep. 386. It was held in that case that the assignee of a bankrupt, who had appeared to defend the action by leave of the Court, was not such a party to the record that judgment could be rendered against him ; and a motion for judgment against the assignee, for costs occasioned by his appearance, was denied.

The position that a verdict and judgment in a former action upon the same question, bind both parties and privies, is not controverted. But neither Pillow nor his assignors were privy to the subject-matter of this suit, within the legal meaning of the term, and could not be affected by any notice of the pendency of the suit. The verdict and judgment obtained in this action could not be used in a suit between Wing and Thompson, and Walker, or between Pillow and Walker. There was no connection, necessarily, between the contract which was the subject of inquiry in this suit and that which may have been made between Wing and Thompson, and Walker ; and the authorities cited by the plaintiffs, although applicable to the general principle, do not sustain the position assumed in this case. In no point of view that we have been able to look at the question, can Pillow be regarded as an incompetent witness.

The last exception taken, was to the ruling of the Court in excluding the evidence which was offered for the purpose of showing that the plaintiffs were unwilling to trust Wing and Thompson. The transaction which the plaintiffs proposed to prove, related to a boiler which was said to have been furnished for one Johnson. This evidence might well enough tend to show that the contract in regard to that boiler was, that Johnson's note should be given for it ; or, it might show, that the plaintiffs could more readily obtain the cash on Johnson's note than on Wing and Thompson's ; or that they had more confidence in the responsibility of Johnson than in Wing and Thompson ; but it has no pertinency to the issue between these parties. The question was not, whether Wing and Thompson were responsible, but whether Walker con-

tracted with the plaintiffs for this boiler. If this evidence had been admitted, a collateral issue would at once have been raised, and the time of the Court and jury been taken up in trying a question not presented by the pleadings.

Neither was this evidence competent as tending to contradict Wing. The statement of Wing that he contracted for a boiler to be used with an engine built for Johnson, was merely introductory. Had it been objected to, it could not have been admitted unless upon the ground that it was introductory and therefore immaterial. It could not have been received to show the responsibility of Wing and Thompson or to have any effect upon the issue before the jury.

The opinion of the Court is, that the plaintiffs' exceptions must be overruled, and that there must be,

*Judgment on the verdict.*